**OBERLIN (village) v MORRIS, etc, et**

Ohio Appeals, 9th Dist, Lorain Co

No 659.   Decided May 19, 1933

C. R. Summers, Village Solicitor, Oberlin, for plaintiff.

Andrews, Hadden & Burton, Cleveland, for defendants.

Tracy, Chapman & Welles, Toledo, and Fauver & Fauver, Elyria, Amicus Curiae.

**WASHBURN, PJ.**

The village of Oberlin passed the necessary legislation providing for the issuance of bonds with which to provide the village and the inhabitants thereof with electricity. This action was begun at the request of a taxpayer to test the right of the village to issue and sell said bonds.

The legislation throughout, including the calling of the election to authorize the issue of the bonds, declared the purpose to be "to construct or purchase a municipal electric light and power plant, consisting of works for the generation and transmission of electricity and equipping the same, including transmission and distribution lines for supplying electricity to the village of Oberlin and the inhabitants thereof, including the acquisition of the necessary land therefor."

The claimed defect is, that "to construct or purchase" constitutes a dual purpose, and that therefore the resolution providing for the improvement related to more than one purpose and violated the provisions of §2293-20, GC.

The matter has been submitted to the court upon a demurrer to the amended petition, with the understanding that if the court sustains the demurrer, final judgment may be entered dismissing plaintiff's petition.

In 1898, the statutory law of Ohio conferred upon municipalities the right to issue bonds "for erecting or purchasing" public utilities, and in that year the Supreme Court held that an ordinance providing for an election in reference to an issue of the city's bonds for the purpose of "the purchase and erection of water works" was void because it stated a dual purpose.

That decision on that point was then, and is now, contrary to the general weight of authority in the United States.

Said decision was made in the case of **Elyria Gas & Water Co. v Elyria, 57 Oh St 374.**

Since that time, the constitution of Ohio has been amended so as to confer constitutional authority upon municipalities to acquire public utilities, where theretofore such authority was only statutory.

Since that decision, the legislature of Ohio has adopted what is known as the Uniform Bond Act, the purpose of which was to accomplish a uniformity of practice tending to promote the marketing of such bonds within and without the state of Ohio.

At the time of said enactment, the great weight of authority was to the effect that municipal legislation to "erect or purchase" a single utility related to but one purpose; and evidently for the purpose of bringing the practice of Ohio in line with such established practice in other states, the legislature of Ohio provided in said Uniform Bond Act that " 'one purpose' shall be construed to include * * * all expenditures * * * for any one utility * * * for the same general purpose." (§2293-20, GC).

We hold that by said constitutional amendment and said provisions of the Uniform Bond Act, it was intended to overcome the effect of the decision in said Elyria Gas & Water Co. case, and to prescribe a method for the issuance of bonds in Ohio which would give to Ohio bonds the same market advantages as those of other states and to adopt the rule prevailing in a majority of jurisdictions, which is, that a proposition submitted to the people to "erect or purchase" a public utility is a single proposition, and that, on the adoption thereof, the option to erect or to purchase becomes a matter of discretion, vested in the proper representatives of the municipality.

5 A.L.R. 538.

The demurrer to the amended petition will be sustained; and the plaintiff not desiring to plead further, plaintiff's petition is dismissed at its costs.

FUNK and STEVENS, JJ, concur in judgment.