**Esther Rapp, Plaintiff-Appellant, v. Katharine C. Kennedy, Defendant-Appellee.**

**Gen. No. 10,964.**

Fourth District.

November 12, 1968.

Thomson, Thomson & Mirza, of Bloomington (Chester Thomson, of counsel), for appellant.

Costigan & Wollrab, of Bloomington (William F. Costigan, of counsel), for appellee.

CRAVEN, J., delivered the opinion of the court.

This case is an action for personal injuries arising out of a two-car automobile accident. Plaintiff was a passenger in one car and the defendant the driver of another. The car in which the plaintiff was riding was being driven by her husband in a southerly direction on Clinton Street in the city of Bloomington. The defendant, driving east on an intersecting street which was subject to a stop sign, drove her car into the right side of the car in which the plaintiff was a passenger.

A jury trial resulted in a verdict for the plaintiff in the amount of $1,200. This appeal is by the plaintiff from that verdict. We are presented with no issue of liability, but only the issue of the alleged inadequate damages awarded and a further contention by plaintiff that the trial court committed error in refusing to instruct on disfigurement as an element of damages.

Summarizing the evidence as it relates to damages, the record indicates that the plaintiff was 46 years old at the time and in good health. The defendant's car hit the right door and front fender of the plaintiff's car. After the accident the plaintiff had a pain in her arm and shoulder. She was taken to a hospital and was unable to move her arm or shoulder. She was admitted. Her right clavicle was fractured. It was ice packed for three days and then a cast was put on both shoulders and across her back. The cast remained in place for three months. The plaintiff was hospitalized for a week.

Plaintiff testified that the area above the fracture of the clavicle had a lump and that she could feel it move.

At the time of trial she complained of soreness and stiffness in the area of the injury. She further testified that she was unable to work at her regular employment as a janitress in a cafeteria for three and one-half months. Her monthly wage was established to be between $120 and $130. Plaintiff incurred hospital expense of $233.25. Evidence was received of medical bills of $172 from the treating physician and bills totaling some $179 from an osteopathic physician together with the loss of wages. Dr. Justin McNutt, an orthopedic surgeon, testified for the plaintiff and stated that "the right upper extremity had a loss of external rotation at the shoulder joint, and there was a palpable thickening or enlargement of the right clavicle or right collarbone, and there was slight tenderness over the right collarbone. . . . There was a loss of about 20 percent of the range of motion." He further testified that the injuries were permanent.

With reference to the thickening of the collarbone, the doctor stated that when there is a fracture there is a callus formed on the fracture site. Alignment was described as good.

The plaintiff tendered an instruction (IPI 30.04, 30.01) relating to disability and disfigurement as an element of damages, contending that there was a disfigurement in that there was a callus or a thickening of the clavicle. Objection was made to the "disfigurement" language and the instruction was refused. The trial court ruled that disfigurement was not shown by this record. We agree. In Superior Mining Co. v. Industrial Commission, 309 Ill 339, 141 NE 165 (1923), the court considered disfigurement for purposes of a Workmen's Compensation proceeding and defined "disfigurement" to mean "that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect or deforms in some manner." The court, in the cited case, held that disfigurement, for purposes of compensation, would require an

evidentiary showing that the disfigurement bears some relation to the capacity to earn and to secure profitable employment. While the limitations on the right to recovery for disfigurement may well not be the same in personal injury cases as there limited for compensation, we see no reason that the definition of "disfigurement" there stated is not here applicable. This record does not establish that there was a disfigurement in the sense of a visible physical change. The thickening or callus formation is established only to have been discernible by touch. The trial court properly refused the instruction on disfigurement.

Taking the enumerated elements of damages recited, the specials, so called, come to slightly over $1,000, leaving approximately $250 for the permanent loss of rotation described, the pain and suffering, past and future disability. In our opinion, the award is so inadequate as to require a new trial on the issue of damages only.

In McManus v. Feist, 76 Ill App2d 99, 221 NE2d 418 (4th Dist 1966), we reviewed the cases applicable to a new trial on the issue of damages only. In that case we affirmed a verdict against an attack that it was inadequate. The verdict was $750. The injuries established were soft tissue injuries, although there was some indication of limitation of rotation of the right arm. In certain respects, there the injuries were also described as permanent. The plaintiff was 67 years old. In the review of that case, we concluded that since the verdict was greater than the out-of-pocket expense, the case fell within the orbit of those authorities which hold that the fixing of damages is the province of the jury.

In this case there was a fracture. The plaintiff was in a cast for an extended period of time. In Horan v. Klein's-Sheridan, Inc., 62 Ill App2d 455, 211 NE2d 116, 11 ALR3d 365 (3rd Dist 1965), the court observed that there can be no absolute formula fixing exact dollars as compensation for personal injuries and thus the matter rests largely

85

with the discretion of the jury and the approval or disapproval of the verdict by the trial judge.

██ This court should neither reduce nor overturn a verdict unless it is shown to be erroneous or the result of passion or prejudice, or where it clearly appears from the uncontradicted evidence that the amount of the verdict bears no reasonable relationship to the loss suffered by the plaintiff. In our judgment, this case falls in the last category. While the verdict adequately covers out-of-pocket expense, it is clear on this record that the sum awarded is not commensurate with the pain and suffering and the permanent injuries shown by the record. See 22 Am Jur2d, Damages § 398; 16 ALR2d at 337 et seq.

The judgment of the circuit court of McLean County is reversed and this cause remanded to that court for a new trial on the question of damages only.

Reversed and remanded for a new trial on the issue of damages.

SMITH, P. J. and TRAPP, J., concur.