REED *v.* STATE OF INDIANA.

[No. 969S199. Filed November 30, 1970. Rehearing denied February 17 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by indictment with the crime of Assault and Battery with Intent to Kill, said indictment reading in pertinent part as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that CURTISS REED on or about the 5th day of SEPTEMBER, A.D. 1967, at and in the County of Marion and in the State of Indiana, did then and there unlawfully and feloniously in a rude and insolent manner shoot and wound one CHARLES DALE, a human being, with a certain shotgun then and there loaded with gunpowder and metal pellets, then and there held in the hands of the said CURTISS REED, with the felonious intent to then and there and thereby to kill the said CHARLES DALE, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On February 14, 1968, appellant waived arraignment and entered a plea of not guilty to the crime as charged. Trial by jury commenced on June 9, 1969, and on June 10, 1969, the jury returned its verdict, finding appellant guilty as charged. The court thereafter ordered a Pre-Sentence Investigation Report to be filed. On June 26, 1969, the court sentenced appellant to the Indiana State Reformatory for not less than two (2) years nor more than fourteen (14) years.

Appellant filed his motion for new trial on June 12, 1969, said motion attacking the verdict of the jury as not sustained by sufficient evidence and contrary to law; said motion also alleged that the trial court erred in overruling appellant's motion for a directed verdict at the close of the State's case

in chief. Said motion for new trial was overruled by the court on the same day. Appellant's sole Assignment of Error on appeal is: "1. That the Court erred in overruling the appellant's Motion for New Trial."

From the evidence adduced at the trial of this cause, viewed most favorably to the State, it appears that on the evening of September 4, 1967, Charles Dale and Sarah Anderson visited appellant's apartment. When they arrived they found appellant's girl friend, Sylvia Burton, alone in the apartment. The three of them waited for appellant to return, which he did at approximately 1:00 a.m. the next morning.

When appellant entered the apartment he asked Sylvia Burton to leave with him. She refused, and an argument ensued between the two of them. Appellant took her clothes out of a closet, put them in the car he was driving, and told her to get ready to leave and that he would return shortly. He then drove away.

Dale and the two women waited on the front porch of the apartment building for the appellant to return. Within a very short time after appellant did return, Dale called to Sarah Anderson, announcing his intention to leave. As he did so, the following events occurred:

"A. * * * So I turned around to call Sarah and to tell her to come on, and I just got an urge to turn back around, and when I turned back around, he shot.

Q. What did you hear?

A. I just heard the bang.

Q. Did you see a flash?

A. No, I didn't see the flash. When I turned around I just heard the bang and just like somebody just hit me up against the leg, and he was standing there with the shotgun. And I said, man, you done accidentally shot me. And I said, you better leave cause the police is riding around here, I said, you'll get locked up. And so * * *.

Q. You said that to whom?

A. I said it to Curtis.

Q. And what did he say?

A. And he said, no. And he stood there and I was beginning to lose strength in my leg, and by that time Sarah and Sylvia run to the corner of the porch. And she said, they said, you done shot him. I said, yeah, he done accidentally shot me. *He said, no, I'm going to kill you, just like that, said I'm going to kill you, and I am going to kill all of them too because they are witnesses to me shooting you. * * *.*" (Emphasis supplied). (Testimony of Charles Dale, Tr. p. 94, 95).

As appellant ran up to the apartment building, Dale attempted to escape, and Sarah Anderson ran to seek assistance. As he was proceeding toward a nearby residence, Dale heard appellant again state that he was going to kill all those involved. The police arrived in the vicinity a short time thereafter. Dale was taken to General Hospital where 67 pellets were removed from his leg. Appellant was subsequently apprehended and charged with the aforementioned crime.

Appellant contends that the evidence presented to the trial court was insufficient to sustain his conviction. This Court has stated on numerous occasions that, when the sufficiency of the evidence is raised as an issue on appeal, it will consider only that evidence most favorable to the State together with all the reasonable and logical inferences which may be drawn therefrom, *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514; *Lee* v. *State* (1968), 250 Ind. 64, 235 N. E. 2d 67; and that a conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The statute under which appellant was charged and convicted is Burns Ann. Stat. § 10-401a, which reads as follows:

"Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction be imprisoned in the state prison for not less than two (2) nor more than fourteen (14) years."

"Assault and battery" is dealt with in Burns Ann. Stat. § 10-403, which reads in pertinent part as follows:

> "Whoever in a rude, insolent or angry manner unlawfully touches another is guilty of an assault and battery. * * * ."

The essential elements of the crime with which appellant was charged are, therefore: (1) an unlawful touching, (2) of another human being, (3) in a rude, insolent or angry manner, (4) with intent to kill.

The evidence was sufficient to sustain appellant's conviction on each of the material elements of the crime charged. Such evidence shows conclusively that the appellant unlawfully touched Charles Dale in a rude, insolent, or angry manner with the intent to kill him. It is immaterial that the appellant did not personally touch or strike Charles Dale thereby causing him injury, for this Court has stated, in the case of *Stokes* v. *State* (1953), 233 Ind. 10, 115 N. E. 2d 442, that:

> "A battery is an unlawfully touching (of) the person of another, by the aggressor himself, *or any other substance put in motion by him. Kirland* v. *The State* (1873), 43 Ind. App. (sic) 146." (Emphasis supplied)

Appellant argues that there was no evidence to prove that he, in fact, touched Charles Dale "in a rude, insolent or angry manner" nor that he did so "with intent to kill" the said Charles Dale. Appellant's latter contention is wholly without merit. A witness to the shooting, Sarah Anderson, testified that after she heard the shot and saw Dale fall, the appellant said to Dale "* * * get up. I intend to kill you, get up * * *." (Tr. p. 116). The victim, Charles Dale, testified that after the appellant wounded him he heard the appellant say "I'm going to kill you, and I am going to kill all of them too because they are witnesses to me shooting you." (Tr. p. 95). As such statements were clear and unequivocal, we feel

they conclusively establish the intent necessary to convict on the crime as charged.

Appellant contends that he did not touch Charles Dale in a rude, insolent, or angry manner for the reason that he was trying to protect and defend his house and property from an attempted "take over" by Dale. He relies heavily on the case of *Hightire* v. *State* (1966), 247 Ind. 164, 213 N. E. 2d 707; however, one of the criteria which must be shown in order to establish the defense of self-defense is that the defendant be in real danger of death or great bodily harm, or in such apparent danger as causes him in good faith to fear death or great bodily harm. The appellant here has failed to point to any evidence which would show that Dale was the aggressor in the incident above referred to, and, from the evidence presented, we conclude that the appellant did, in fact, conduct himself in such a rude, insolent or angry manner so as to cause injury to the complainant.

Appellant finally argues that the trial court erred in not instructing the jury that the crime of Aggravated Assault and Battery is a lesser-included offense of the crime of Assault and Battery with Intent to Kill. However, on page 8 of his brief, appellant states that said error was discovered "(f)or the first time while doing research on the brief to be filed herein on behalf of the appellant * * *." In other words, the error complained of was not brought to the court's attention at the trial of this cause nor in appellant's motion for new trial. This Court has stated on numerous occasions that such a matter cannot be raised for the first time on appeal to this Court. *Bucci* v. *State* (1968), 250 Ind. 670, 237 N. E. 2d 87.

The judgment of the trial court is affirmed.

Hunter, C.J., Arterburn, Givan and DeBruler, JJ., concur.

NOTE.—Reported in 263 N. E. 2d 719.