DAVID GUTOWSKI *v.* STATE OF INDIANA.

[No. 3-875A186. Filed September 14, 1976. Rehearing denied January 26, 1977. Transfer denied April 15, 1977.]

*James E. Foster,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

STATON, P.J.—A jury found David Gutowski guilty of aggravated assault and battery. IC 1971, 35-13-3-1 (Burns Code Ed.). On appeal, Gutowski raises the following issues for our review:

(1) Did the trial court err in ruling that the complaining witness need not answer interrogatories and in refusing to grant Gutowski's motion for additional time to file discovery motions?

(2) Did the trial court err in denying Gutowski's request for a bench warrant to secure the attendance of an absent witness?

(3) Did the trial court err in instructing the jury on the offense of aggravated assault and battery?

(4) Did the trial court err in allowing testimony regarding the propensity of the complaining witness to start fights?

(5) Did the trial court err in admitting a photograph of the wounds inflicted?

We find no reversible error, and we affirm.

## I.

### Discovery

Gutowski contends that he was denied pretrial discovery when the trial court ruled that the complaining witness need not answer interrogatories. He argues that he was forced by this ruling to use the more cumbersome and expensive technique of depositions. He also argues that his interrogatories were really depositions upon written questions and that, by statute, he had the right to take such interrogatories.

IC 1971, 35-1-31-8 (Burns Code Ed.) provides in part:

"A defendant, by leave of court or by written notice to the prosecuting attorney, may take the depositions of witnesses residing within or without the state, to be read on the trial; . . ."

This right to discovery is subject to the limited discretion of the trial court where there is a paramount state interest, the possibility of a fishing expedition, or the harassment of witnesses. *Amaro* v. *State* (1968), 251 Ind. 88, 239 N.E.2d 394; *Reynolds* v. *State* (1973), 155 Ind. App. 226, 292 N.E.2d 290. The trial court also has the inherent power to order various types of discovery:

"The rules of discovery applicable in civil proceedings in Indiana courts are not applicable as such in criminal pro-

ceedings. However, the *techniques* of discovery embodied in those rules will often be applicable in criminal proceedings and the trial court has the inherent power to implement such discovery techniques as are necessary to provide the defendant a full and fair hearing." *Antrobus* v. *State* (1970), 253 Ind. 420, 423, 254 N.E.2d 873, 874 (our emphasis). *See also Bernard* v. *State* (1967), 248 Ind. 688, 230 N.E.2d 536.

Clearly, a criminal defendant may waive any pretrial discovery rights by failing to exercise them or pursue them. Discovery in favor of a criminal defendant is not required by the constitutional guarantee of due process. *Cicenia* v. *La Gay* (1958), 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523; *Bernard* v. *State, supra.*

In the present case, on March 6, 1974, the trial court entered the following order:

"The defendant is now granted until April 11, 1974 in which to complete discovery depositions to be taken of State's witnesses."

Apparently the trial court set this time limitation because of the many continuances of hearing dates requested by Gutowski between December 1973, and March 1974. The trial court had the inherent power to issue such an order to prevent delay of the proceedings. See *Antrobus* v. *State, supra,* 253 Ind. at 436, 254 N.E.2d at 881. Gutowski's counsel was present in court when the trial court entered the order. He did not object or even suggest that the trial court exceeded its authority in issuing the order or that the time limitation in the order was unreasonable.

Gutowski did nothing until April 11, 1974, when he filed with the court a set of written interrogatories to be answered by the State's complaining witness. The State objected to the interrogatories on the ground that Indiana Rule of Procedure, Trial Rule 33, allows written interrogatories to be served only on parties. The trial court set April 30, 1974, as the date for arguments on the issue and granted the State and Gutowski until April 26, 1974, to submit "any written memorandum they

desire." The State filed a written memorandum. On April 30, 1974, at the request of Gutowski, the hearing date was continued to May 14, 1974. Later, when Gutowski failed to appear at the hearing on May 14, and failed to submit any memorandum, the trial court ruled that the complaining witness need not answer the interrogatories.

We conclude that the court's ruling was not error under the facts of this case. By so holding, we do not intend to imply that depositions upon written questions are outside the scope of IC 1971, 35-1-31-8 (Burns Code Ed.). The language of this section is broad enough to include both oral and written depositions. Nor do we intend to imply that the technique of discovery by interrogatories submitted to a complaining witness is improper in a criminal case. The trial court has the inherent power to apply the techniques of discovery embodied in the civil rules and is not bound by the limiting language contained in those civil rules. In the proper case, discovery by written interrogatories served on non-parties may well be appropriate as a less cumbersome and less expensive technique than discovery by depositions.

Our holding is based on Gutowski's waiver of pretrial discovery by his failure to pursue his rights with any diligence. Gutowski filed the written interrogatories, but failed to appear to argue why the technique of discovery by written interrogatories would be appropriate and should be allowed. After the court's ruling on May 14, two trial dates were set, and still Gutowski did nothing to suggest that he was at all interested in pretrial discovery. Finally, on September 30, 1974, the court set January 27, 1975, as the day of trial. Later, on October 9, 1974, Gutowski filed a motion to reconsider the May 14 ruling and argued for the first time that the written interrogatories were really depositions upon written questions. Even if we assume *arguendo* that the interrogatories were, in fact, depositions upon written questions, and if we assume that Gutowski was entitled to take such depositions by the provisions of IC 1971, 35-1-31-8 (Burns

Code Ed.), we find no error in the court's overruling of the motion to reconsider. Gutowski was ordered to "complete discovery depositions" by April 11, 1974. He did not complete his depositions within the time limitation set by the court. He did not object to the setting of the time limitation nor did he present to the court any arguments regarding why the time period should be extended. The motion to reconsider the May 14 ruling raised only the issue of the propriety of that ruling, and, given Gutowski's lack of diligence, we conclude that the May 14 ruling was not in error.

After the trial court overruled Gutowski's motion to reconsider on November 8, 1974, Gutowski requested "additional time within which to file Motions for Discovery." The record shows that the trial court was confronted only with a loosely worded oral motion. Gutowski did not indicate to the trial court, nor does he tell this Court on appeal, what type of discovery he desired, why such discovery would be material to his defense, what specific information he hoped to uncover, and how his lack of discovery would prejudice his defense. The trial court is not required to assume that an unidentified method of discovery of unidentified information would be beneficial to Gutowski's defense. Likewise, we cannot assume prejudice to the defense from a general allegation that Gutowski was forced to proceed to trial in a factual vacuum. Gutowski was not denied the right to discovery. He failed to comply with or object to the trial court's time limitation on discovery depositions. He failed to appear for argument. He failed to specify the type or the materiality of the discovery he would pursue between November 8, 1974, and January 27, 1975. And he has failed to specify to this Court how he was prejudiced.

We conclude that Gutowski has shown no reversible error on the discovery issues.

## II.

### Bench Warrant

Gutowski contends that the trial court committed reversible error when it denied his request for a bench warrant to secure the attendance of an absent witness who had been subpoenaed by the State. Gutowski made this request before trial when he noticed that the witness was absent. The trial court did not rule on the request at that time, but stated: "Well, let's see what the return says before we issue the warrant." Gutowski did not renew his request for a warrant before the presentation of his evidence, and he did not request a continuance to subpoena the witness. He has not shown on appeal that the absent witness would, in fact, have testified in his favor. This issue has been waived.

## III.

### Instruction

Gutowski contends that the trial court erred in instructing the jury on the offense of aggravated assault and battery. Gutowski did not properly object to the instruction at trial. Nonetheless, conviction on a charge which is not a properly includable offense is fundamental error, (see *Young* v. *State* (1967), 249 Ind. 286, 231 N.E.2d 797; *Allison* v. *State* (1973), 157 Ind. App. 277, 299 N.E.2d 618), and we must consider the merits of Gutowski's argument.

Gutowski was charged with assault and battery with intent to kill. The charging paper stated:

". . . David Gutowski did then and there unlawfully feloniously and purposely, without malice, express or implied, but in a sudden heat, in a rude, insolent and angry manner unlawfully touch, strike, cut, stab and wound one C. TED WATTS with a certain knife, which he, the said DAVID GUTOWSKI, then and there had and held in his hands, with intent then and thereby him, the said C. TED WATTS, feloniously, purposely, without malice, express or implied, but in a sudden heat, to kill and slay, . . ."

The essential elements of assault and battery with intent to kill, IC 1971, 35-13-2-1 (Burns Code Ed.), are (1) the unlawful touching (2) of another human being (3) in a rude, insolent or angry manner (4) with intent to kill. *Reed* v. *State* (1970), 255 Ind. 298, 263 N.E.2d 719. The elements of aggravated assault and battery, IC 1971, 35-13-3-1 (Burns Code Ed.), are (1) infliction of great bodily harm *or* disfigurement (2) intentionally or knowingly (3) and unlawfully (4) upon another human being. *See Froedge* v. *State* (1968), 249 Ind. 438, 233 N.E.2d 631.

Aggravated assault and battery is not a necessarily included offense of assault and battery with intent to kill, since it is possible to commit assault and battery with intent to kill without inflicting great bodily harm or disfigurement. See IC 1971, 35-1-39-2 (Burns Code Ed.). However, if the element of great bodily harm or disfigurement is properly alleged in the charging affidavit, then aggravated assault and battery may be a lesser included offense of assault and battery with intent to kill. *Nye* v. *State* (1971), 256 Ind. 219, 267 N.E.2d 842; *Thomas* v. *State* (1970), 254 Ind. 600, 261 N.E.2d 588; *Allison* v. *State* (1973), 157 Ind. App. 277, 299 N.E.2d 618.

In the present case, the instruction regarding aggravated assault and battery, and Gutowski's conviction on that charge, is not error, since the lesser offense of aggravated assault and battery is necessarily and implicitly included in the charge.

In *Thomas* v. *State, supra,* the pertinent parts of the charging paper were as follows:

". . . THOMAS . . . did then and there unlawfully and feloniously and in a rude, insolent and angry manner, shoot and wound, with a certain 38 caliber revolver then and there loaded with gunpowder and a slug, DOROTHY THOMAS in the back. . . ." 254 Ind. at 603, 261 N.E.2d at 590.

The Court stated that the test as to whether the offense of aggravated assault and battery is an included offense of the

crime charged is whether the element of great bodily harm or disfigurement is properly alleged in the charging affidavit. The Court held:

"It is inconceivable that a person could commit an assault and battery with intent to kill another person as charged in this case without also intentionally and knowingly inflicting great bodily harm or disfiguring the assaulted person. We hold that if the facts are present to warrant a conviction on assault and battery with intent to kill in this case they would certainly be present to warrant a conviction on aggravated assault.

"We, therefore, hold that aggravated assault and battery is an included lesser offense of the crime of assault and battery with intent to kill as charged in this case. It would not, of course, be an included offense if the charging affidavits merely alleged an assault with intent to kill without alleging bodily injury." 254 Ind. at 604, 261 N.E.2d at 590-91.

Later, in *Nye* v. *State, supra,* the pertinent parts of the charging paper were as follows:

"RICHARD ALLEN NYE . . . did then and there unlawfully and feloniously, and in a rude, insolent and angry manner, touch, beat, strike and wound WILLIAM DANIEL LANAGAN. . . ." 256 Ind. at 223, 267 N.E.2d at 843.

The *Nye* Court held that the affidavit did not necessarily and implicitly include the lesser offense of aggravated assault and battery, because the words "touch, beat, strike and wound" did not necessarily and implicitly connote great bodily harm or disfigurement. The *Nye* Court commented on the result reached in Thomas:

"It is thus clear that because the nature of the offense charged [in *Thomas*] was such, when considered in light of the nature of the wound and the manner in which inflicted, *all properly noted in the affidavit,* a conviction of aggravated assault and battery could properly be premised on the charging affidavit." 256 Ind. at 222-23, 267 N.E.2d at 843 (emphasis in original).

In *Allison* v. *State, supra,* the Second District Court of Appeals was confronted with a situation identical to *Nye*. The

*Allison* Court held that the words "touch, beat, strike and wound" in the charging affidavit were not sufficient to sustain a conviction of aggravated assault and battery. *See also Layne* v. *State* (1975), 164 Ind. App. 486, 329 N.E.2d 612, 616 (transfer denied), wherein the First District Court of Appeals held that the words "touch, beat, strike, cut and wound, with a knife" were sufficient to charge the offense of aggravated assault and battery.

In the present case, the charging affidavit stated that Gutowski did "touch, strike, cut, stab and wound one C. TED WATTS with a certain knife. . . ." Without relying on *Layne* v. *State, supra,* we conclude that this charge necessarily and implictly carries with it a charge of the infliction of great bodily harm or disfigurement. In *Allson* v. *State, supra,* the Court adopted the following definition of "disfigurement:"

"A pertinent definition of 'disfigurement' in its ordinary sense is consistent with a requirement of permanency and may be stated as in Rapp v. Kennedy (1968), 101 Ill. App. 2d 82, 242 N.E.2d 11, 13:

'That "which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, mishapen (*sic*) or imperfect or deforms in some manner." ' " 299 N.E.2d at 621.

In *Froedge* v. *State, supra,* 249 Ind. at 445, 233 N.E.2d at 636, the Court defined "great bodily harm":

"*Great bodily harm* defines itself and *means great* as distinguished from *slight, trivial, minor* or *moderate harm, and* as such *does not include mere bruises as are likely to be inflicted* in a simple assault and battery under Ind. Ann. Stat. § 10-403 (Supp. 1967)." (emphasis in original).

"Stab," in its ordinary sense, means to "wound by the thrust of a pointed instrument; . . . to pierce with or as if with a pointed instrument. . . ." *Webster's Third New International Dictionary* 2217 (G. & C. Merriam publ. 1970). It is inconceivable that a person could stab another with a knife with intent to kill without also inflicting great bodily harm or disfiguring the assaulted person. The nature of a stab wound,

like a bullet wound, is such that, wherever it is inflicted, it must impair "the beauty, symmetry or appearance of a person," and must be more than "slight, trivial, minor or moderate harm."

Thus, we hold that aggravated assault and battery is a lesser included offense of the crime of assault and battery with intent to kill as charged in this case. The instruction on this lesser offense, and Gutowski's conviction, were proper.

## IV.

### Testimony

During the State's presentation of its case, a witness was asked on direct examination about the propensity of the complaining witness to start fights:

"Q. Do you know Mr. Watts to be a peaceable person?
"A. Yes.
"Q. Is he one to go out and start fights?
"A. No, never."

Gutowski's objection "to the character witness" was overruled by the trial court.

After the State rested, Gutowski testified that he was provoked by Watts and that the wounds were inflicted in self-defense. Evidence of the propensity of the complaining witness to start fights would have been relevant and proper to rebut this self-defense evidence. The only problem with the above testimony is that it preceded the evidence about self-defense and, thus, arguably, was prematurely presented to the jury. The other evidence in support of Gutowski's conviction overwhelmingly negated the self-defense contention. Four eyewitnesses testified that the defendant attacked the complaining witness without provocation. We must conclude that the premature presentation of evidence concerning the propensity of the complaining witness to start fights was harmless beyond a reasonable doubt under the facts of this case.

## V.

### Photograph

The State offered into evidence a photograph showing the stab wounds of the victim. At trial, Gutowski objected to the admission of this photograph "for the reason that the scars were shown by the witness and that this has no other probative value." This objection was overruled.

All grounds for objection to the admission of evidence must be stated at the time the objection is made or they are waived. *Smith* v. *State* (1974), 159 Ind. App. 438, 307 N.E.2d 875. In the present case, the only objection preserved for our consideration is the objection quoted above. A photograph of the stab wounds of the victim, taken soon after the incident, clearly had probative value in the present case. The objection on this ground was properly overruled.

We affirm.

Hoffman, J., concurs in result with opinion; Garrard, J., concurs with opinion in which Hoffman, J., concurs.

### Concurring Opinion

Garrard, J.—While I concur with Judge Staton's treatment of issues II through V and with the result reached, I disagree with the implications of his treatment of the discovery issue. I do agree with the conclusion that the court committed no error.

Gutowski had addressed interrogatories to the alleged victim of the offense.

As stated by Judge Staton, IC 1971, 35-1-31-8 and Indiana Rules of Procedure, Criminal Rule 21 afford to a defendant in a criminal case, within certain limitations, the opportunities for pretrial discovery afforded by the civil rules.

Gutowski's contention on appeal is that he is thus entitled to serve and have answered interrogatories addressed to a witness.

I would hold, simply, that he is not. The statute does not include interrogatories. TR. 33, which provides for the use of interrogatories in civil cases, limits their applicability to *parties*. There are two principal reasons for doing so.

First, of course, is that under the applicable technique for serving interrogatories, the court acquires no jurisdiction of the witness permitting enforcement vis-a-vis the witness.

The second reason is more esoteric. While use of interrogatories may normally be the most inexpensive discovery technique, they are usually of questionable value in adducing the depth of shading necessary to the resolution of disputed factual issues. As stated by Dean Harvey, ". . . interrogatories . . . constitute a cumbersome device not suitable for complicated factual situations or where parties may prove evasive." 2 Harvey: Indiana Practice 682. *See, also,* Pike & Willis, "The New Maryland Deposition & Discovery Procedure," 6 Md. L. Rev. 4. These problems are emphasized by the Civil Code Study Commission's comment to Rule 33, which adopts the United States Court Advisory Commission's recognition that interrogatories spawn a greater percentage of objections and motions than any other discovery device. *See,* 2 Harvey, Indiana Practice 678.

Thus, while interrogatories are an inexpensive means with which to narrow and clarify issues and discover basic facts, the extension of their use to non-parties appears uncalled for.

Gutowski asserts in the alternative that he was requesting a deposition by interrogatories. I agree that he might have done so. However, the record clearly discloses this was not the case. Such depositions are governed by TR. 31. The rule contemplates that the written questions will be submitted to the parties with notice of the name and address of the officer before whom the questions are to be answered. After the opportunity for cross questions, etc., the witness appears before the officer and is sworn and asked the questions. The responses are taken down and certified as with other depositions. Gutow-

ski clearly did not contemplate any such procedure. Instead he merely addressed interrogatories to the witness.

Accordingly, the court correctly denied the request.

Hoffman, J., concurs.

## CONCURRING OPINION

HOFFMAN, J.—I concur in the result of the majority opinion and resolve the question raised of the crime of aggravated assault and battery being a lesser included offense of assault and battery with intent to kill under the affidavit and facts of this case solely on the basis of the case of *Layne* v. *State* (1975), 164 Ind. App. 486, 329 N.E.2d 612 (transfer denied). I follow both the First and Second District cases as precedent in this District.

NOTE.—Reported at 354 N.E.2d 293.