CHARLES LUMA PADGETT *v.* STATE OF INDIANA

[No. 1-478A96. Filed September 11, 1978.]

*Stephen C. Haas*, of Evansville, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

LYBROOK, P.J. — Appellant Charles Luma Padgett appeals from a conviction of aggravated assault and battery[1] following a jury trial, raising two issues for review:

(1) Whether there was sufficient evidence for the jury to have found beyond a reasonable doubt that appellant inflicted upon the victim "great bodily harm or disfigurement" as required by the statute which sets forth the elements of the offense.

(2) Whether the court erred in instructing the jury that aggravated assault and battery was, in this case, a lesser included offense of assault and battery with intent to kill.[2]

We affirm.

## Issue I.

The State must introduce sufficient evidence to prove each material element of the offense beyond a reasonable doubt. *Rosell v. State* (1976), 265 Ind. 173, 352 N.E.2d 750. Great bodily harm or disfigurement to the victim is a material element of the offense of aggravated assault and battery. *Allison v. State* (1973), 157 Ind.App. 277, 299 N.E.2d 618; *Froedge v. State* (1968), 249 Ind. 438, 233 N.E.2d 631.

---

1. IC 35-13-3-1.

2. IC 35-13-2-1.

This element is stated in the disjunctive not the conjunctive; therefore, the evidence need only show great bodily harm *or* disfigurement, not both. *Allison, supra; Froedge, supra.*

The *Froedge* court emphasized that the phrase "great bodily harm" must be taken in the ordinary and usual sense, defining it to be:

> "great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery." *Froedge, supra,* 233 N.E.2d at 636.

The *Allison* court stated that "disfigurement" within the statute is not a technical word and should be considered in its ordinary sense, defining it to be:

> "that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, mishapen [sic] or imperfect or deforms in some manner." *Allison, supra,* 299 N.E.2d at 621.

Whether the evidence describing the harm or injury to the victim is within the meaning of the statute is generally a question of fact for the jury. *Anderson v. State* (1973), 155 Ind.App. 121, 291 N.E.2d 579; *Froedge, supra.* This court will not weight the evidence nor resolve questions of credibility, *Beasley v. State* (1977), 267 Ind. 396, 370 N.E.2d 360, but will look to the evidence most favorable to the appellee and the reasonable inferences which support the jury verdict. *Jones v. State* (1978), 267 Ind. 680, 372 N.E.2d 1182.

The evidence revealed that the defendant shot Tracy Lee Baggett in the upper right forearm. The bullet passed through the muscle tissue with no damage to the nerve functions, major blood vessels, or bone tissue, but with some loss of blood. Baggett had two wounds and thus has two scars where the bullet ingressed and egressed. He was treated at a hospital shortly after the shooting and released the same day. No stitches were required.

To fulfill the statutory requirement of either great bodily harm or disfigurement, it is not necessary that the injury be so great that it is permanent or disabling. *Barbee v. State* (1977), 267 Ind. 299, 369 N.E.2d 1072; *Houston v. State* (1976), 168 Ind.App. 189, 342 N.E.2d 684; *Valentine v. State* (1971), 257 Ind. 197, 273 N.E.2d

543. When the injury inflicted is of such a serious and violent nature that it could reasonably result in the loss of health, life or limb, a jury finding of great bodily harm will be sustained. *Barbee, supra; Valentine, supra.*

In *Gutowski v. State* (1976), 170 Ind.App. 615, 354 N.E.2d 293, the court reasoned that the nature of a bullet wound is such that, wherever it is inflicted, it must impair the beauty, symmetry or appearance of the victim and must cause more than slight, trivial, minor or moderate harm.

The evidence at trial was sufficient to support a finding of great bodily harm or disfigurement under the statute.

### Issue II.

Appellant next argues that the court erred in giving two jury instructions which cited aggravated assault and battery as a lesser included offense of the charged offense, assault and battery with intent to kill, and which gave an alternative verdict based on the aggravated assault and battery statute.

Although required to set out his objections to given instructions in his brief, Indiana Rules of Appellate Procedure, Appellate Rule 8.3(A), appellant did not do so and is deemed to have waived his allegations of error made at trial. *Frasier v. State* (1974), 262 Ind. 59, 312 N.E.2d 77.

Had appellant preserved his objections, a search of the record shows the relevant portions to be:

1) "The defendant objects to the Court's Instruction No. 2 *on the basis that it instructs the jury that there is a lesser included offense of Aggravated Assault and Battery and the State's evidence is completely void of evidence showing great bodily harm or disfigurement upon Tracy Baggett.*" (Emphasis added.)

2) "The defendant further objects to the Court's Instruction No. 12 where it sets out the possible forms of verdict and objects to that part of the instruction concerning the lesser included offense of Aggravated Assault and Battery as included in the information herein *on the basis that the State's evidence is completely void of evidence showing great bodily harm or disfigurement to Tracy Baggett, and based upon the evidence presented in the case Aggravated Assault and Battery should not be a lesser included offense.*" (Emphasis added.)

The gist of these objections seems to be that the evidence was insufficient to support the giving of instructions on aggravated assault and battery. Had appellant preserved this issue, he could not have prevailed. This court found sufficient evidence to support the verdict; therefore, it is axiomatic that the evidence would support the instructions.

To this court, appellant has argued not that the evidence introduced at trial would not support the instructions, but that the information which charged assault and battery with intent to kill was worded in such a manner that aggravated assault and battery was not alleged nor could it be implied. It is elementary that the only errors that can be argued on appeal are those raised and preserved at trial. *Strickland v. State* (1977), 265 Ind. 664, 359 N.E.2d 244; *Grinter v. Haag* (1976), 168 Ind.App. 595, 344 N.E.2d 320.

However, in *Allison, supra,* the court faced the issue of whether aggravated assault and battery was a lesser included offense embraced within the affidavit which charged the appellant with assault and battery with intent to kill, and concluded that, although the asserted error was not preserved, it was so fundamental to the concept of criminal justice that it required consideration. *See: Young v. State* (1967), 249 Ind. 286, 231 N.E.2d 797; *Gutowski v. State, supra.*

Aggravated assault and battery is not analytically a necessarily included offense of assault and battery with intent to kill. *Holloway v. State* (1976), 170 Ind.App. 155, 352 N.E.2d 523; *Allison, supra.* The critical distinction between aggravated assault and battery and the other statutory offenses of assault and battery is the nature of the harm inflicted upon the victim. A person actually committing assault and battery with intent to kill may or may not commit aggravated assault and battery at the same time, depending on the nature of the harm inflicted. *Holloway, supra.* The test as to whether the offense of aggravated assault and battery is an included offense of the crime charged is whether the element of great bodily harm or disfigurement is properly alleged in the charging paper. *Gutowski, supra.*

A review of the language of the information in this case shows that it supports the giving of the two instructions. The information alleges that the appellant:

"did then and there unlawfully and feloniously in a rude, insolent and angry manner, fire a .22 caliber rifle loaded with gunpowder and metal bullets at Tracey [sic] L. Baggett, causing one of the aforesaid metal bullets to strike Tracey [sic] L. Baggett."

The following language from papers charging assault and battery with intent to kill has been found sufficient to support convictions for aggravated assault and battery.

1) "did then and there unlawfully, feloniously and and purposely . . . in a rude, insolent and angry manner unlawfully strike, cut, stab and wound [the victim] with a certain knife which he . . . then and there had and held in his hands." *Gutowski, supra,* 354 N.E.2d at 297.

2) "did then and there unlawfully and feloniously, and in a rude, insolent and angry manner strike and wound [the victim], by then and there . . . shoot [sic] at [the victim] with a certain pistol, to-wit: a .32 caliber . . . which the defendant then and there caused to fire and discharge the said gunpowder and bullets into the body of [the victim]." *Young, supra,* 231 N.E.2d at 798.

3) "did then and there . . . shoot and wound, with a certain .38 caliber revolver then and there loaded with gunpowder and a slug, [the victim] in the back." *Thomas v. State* (1970), 254 Ind. 600, 261 N.E.2d 588, at 590.

4) "touch, beat, strike, cut and wound, with a knife." *Layne v. State* (1975), [164] Ind.App. [486], 329 N.E.2d 612, at 616.

The following language has been found insufficient:

1) "did then and there unlawfully and feloniously, and in a rude, insolent and angry manner, touch, beat, strike and wound [the victim]." *Nye v. State* (1971), 256 Ind. 219, 267 N.E.2d 842, at 843.

2) "touch, beat and strike [the victim]." *Allison, supra,* 299 N.E.2d at 620.

Our task is to evaluate the charging language in the case at bar with reference to the above holdings. The information does not specifically allege a wound as do the first four allegations above. It does, however, allege the use of a deadly weapon in contradistinction to the last two allegations above and in keeping with the first four.

The *Thomas* court, confronted as we are with the use of firearms, said:

"It is inconceivable that a person could commit an assault and battery with intent to kill another person as charged in this case without also intentionally and knowingly inflicting great bodily harm or disfiguring the assaulted person." *Thomas, supra,* 261 N.E.2d at 590.

The allegations that the defendant fired a .22 caliber rifle at Baggett and that one of the bullets struck him necessarily imply that he was thereby wounded.

We, therefore, hold that aggravated assault and battery is a lesser included offense of assault and battery with intent to kill as charged in the information in this case.

Affirmed.

Robertson and Young, JJ., Concur.

NOTE—Reported at 380 N.E.2d 96.