Ernest GARCIA, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–1081A152.

Court of Appeals of Indiana,
Fourth District.

April 20, 1982.

Lonnie M. Randolph, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Ernest Garcia is appealing his conviction pursuant to Ind.Code 35–42–2–1(3) for bat-

tery, a Class C felony, after he admittedly struck and injured one Ricardo Soto at the latter's apartment. Because the record reveals the charging instrument did not allege the infliction of *serious* bodily injury or use of a deadly weapon (one or the other being a necessary element of subsection (3) of IC 35–42–2–1), but only that Garcia "did . . . unlawfully and feloniously cause bodily injury," his Class C felony conviction must be reversed, and the cause remanded for modification and sentencing consistent with this opinion.

## FACTS

The relevant facts most favorable to the conviction are as follows:

On October 28, 1979, Soto, the victim of the battery charged against Garcia, returned from work to his East Chicago apartment at about 11:45 P.M. and consumed several beers and shots of whiskey. Subsequently, he went to "The Regal Bar" located below the apartment. There he consumed several more beers and shots of whiskey and also purchased drinks for Garcia, who arrived at approximately 2:00 A.M. Garcia had dated Soto's sister from 1969 to 1979, and for a time the Garcia and Soto families had lived together. That night the two did not converse, however, except with reference to Soto buying drinks for Garcia. At about 2:30 A.M., after buying another round of drinks, Soto told Garcia he was going to sleep, left the bar, and went upstairs. Once in his apartment, he prepared for bed and placed his gun (a .38 caliber pistol) near the bedside table. Thereafter, at about 3:00 A.M., Garcia knocked at Soto's door and when he opened it, struck Soto with a pipe, allegedly because Soto repeatedly had asked Garcia to bring the latter's sister to Soto's apartment. Garcia did not deny striking Soto, though he maintained he had hit him only with his fist. The medical stipulation at trial revealed Soto suffered a "bilateral fracture of [his] left and right mandible" and a "[s]evere contusion around [his] face with lacerations and marked swelling." It was also alleged, though not found by the jury in its verdict,

that Garcia had taken Soto's gun and money and had threatened to kill Soto with the pistol.

On November 8, 1979, the state filed its Affidavit of Probable Cause asserting Garcia had broken Soto's jaw, robbed, and threatened to shoot him, and on the same day an Information was filed charging Garcia with the crime of robbery, a Class A felony. The Information alleged in pertinent part that on October 28, 1979:

> "Ernest Garcia did then and there unlawfully [,] feloniously, knowingly or intentionally take property, to-wit: money, from another person or from the presence of said other person, to-wit: RICARDO SOTO, and in the commission of the said taking the said ERNEST GARCIA did then and there use or threaten the use of force on the said RICARDO SOTO, and as a proximate result of the commission of the said taking the said ERNEST GARCIA did then and there and thereby unlawfully and feloniously cause bodily injury to the said RICARDO SOTO, . . . ."

At trial, the jury was instructed on the crimes and various classifications of robbery and battery and, as noted above, found Garcia guilty of battery, a Class C felony.

## DECISION

Although the thrust of Garcia's appeal is that the evidence is insufficient to support his conviction, our own review of the record discloses a more meritorious issue for our consideration: namely, that the charging instrument did not comport with his conviction for battery, a Class C felony, because *serious* bodily harm was not specifically alleged, nor was the battery in question a lesser included offense of robbery, a Class A felony, the crime charged.

 It is well-settled that

" '[T]he particular language used in the charging instrument reflects the State's decision to create or avoid the opportunity for the jury to convict the defendant of a lesser offense in lieu of the crime charged. That decision, a power vested exclusively in the state, must be executed by the courts in determining whether a

defendant can properly be convicted of a lesser offense.' "

*Stevens v. State,* (1981) Ind.App., 422 N.E.2d 1297, 1299 (majority opinion from which Chipman, J. dissented), *quoting Roddy v. State,* (1979) Ind.App., 394 N.E.2d 1098, 1104. Where the defendant is convicted of an offense not within the charge, the conviction may not stand for the reason the defendant is entitled to limit his defense to those matters with which he stands accused. *Stevens v. State, supra.* Thus, the affidavit or information must charge in direct and unmistakable terms the offense with which the defendant is accused, and *if there is a reasonable doubt as to what offense(s) are set forth in the charging instrument, that doubt should be resolved in favor of the defendant. Stevens v. State, supra* at 1300, *citing Belcher v. State,* (1974) 162 Ind.App. 411, 413, 319 N.E.2d 658, 660. Additionally, the weight of authority has also recognized that where the charge does not comport with the defendant's ultimate conviction, the error which results is of so fundamental a nature that it need not be raised by the defendant but should be addressed *sua sponte* on appeal. *E.g., Young v. State,* (1967) 249 Ind. 286, 231 N.E.2d 797; *Padgett v. State,* (1978) Ind.App., 380 N.E.2d 96; *Gutowski v. State,* (1976) 170 Ind.App. 615, 354 N.E.2d 293; *Allison v. State,* (1973) 157 Ind.App. 277, 299 N.E.2d 618. *Compare* the majority opinion in *Wise v. State,* (1980) Ind.App., 401 N.E.2d 65, 69 at n.5.

As noted above, Garcia was charged with robbery, a Class A felony, which is defined by our Legislature at Ind.Code 35–42–5–1 as follows:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting the person in fear;

commits robbery, a Class C felony. *However, the offense is* a Class B felony if it is committed while armed with a deadly weapon, and *a Class A felony if it results in either bodily injury or serious bodily*

*injury to any other person."* (Emphasis added.)

Battery, as established by the Legislature at IC 35–42–2–1, is as follows:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

(1) a Class A misdemeanor if it results in bodily injury to any other person, or if it is committed against a law enforcement officer or against a person summoned and directed by the officer while the officer is engaged in the execution of his official duty;

. . . . .

(3) *a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon."* (Emphasis added.)

In addition, the Legislature had distinguished the degree of bodily injury resulting from an offense at Ind.Code 35–41–1–2, which provides in part:

" 'Bodily injury' means any impairment of physical condition, including physical pain.

. . . . .

'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

■ From these statutes, it is apparent that battery, a Class C felony is not a necessarily included offense of robbery, a Class A felony, the crime with which Garcia was charged, since it is possible to commit the robbery offense in question without inflicting "serious bodily injury." *See, e.g., Nye v. State,* (1971) 256 Ind. 219, 267 N.E.2d 842, 843 (aggravated assault and battery, requiring great bodily harm or disfigurement, is not a necessarily included offense of assault and battery with intent to commit robbery, since "[b]y no stretch of the imagination could it be said that it is

impossible to commit the offense of assault and battery with intent to commit robbery without first having committed aggravated assault and battery...."); *Gutowski v. State, supra; Allison v. State, supra* (aggravated assault and battery is not a necessarily included offense of assault and battery with intent to kill.)

It must still be considered, however, whether the Information filed against Garcia alleged *facts* sufficient to put him on notice of the crime for which he was convicted, since our courts have held that even where a crime is not necessarily included in the offense charged, it *may* be included where the requisite elements are properly set forth in the charging instrument. *E.g., Gutowski v. State, supra* 170 Ind.App. at 622, 354 N.E.2d at 297, where the Court noted "if the element of great bodily harm or disfigurement is properly alleged in the charging affidavit, then aggravated assault and battery may be a lesser included offense of assault and battery with intent to kill."

As we have earlier observed, in the case at bar the Information merely asserted that in the course of committing an alleged robbery, Garcia "did then and there and thereby unlawfully and feloniously cause bodily injury" to Soto. Based on virtually identical language, the appellate courts of this state have held such a charge does not place a defendant on notice of the crime of aggravated assault and battery (a statutory predecessor to serious bodily injury battery).[1] *See, e.g., Nye v. State, supra* at 223, 267 N.E.2d at 843–44 (conviction reversed because of the opinion of our Supreme Court, "the charge that appellant did unlawfully and feloniously, 'in a rude, insolent and angry manner, touch, beat, strike and wound' the victim does not contemplate a charge of aggravated assault and battery").

We note that although the dissenting opinion in the instant case appears to attach some significance to the fact the word "feloniously" was used twice in the Informa-

tion charging Garcia—once with respect to the alleged robbery and again in connection with the battery allegation—this same circumstance was present in *Nye*, where it was charged

"...[T]hat RICHARD ALLEN NYE on or about the 5th day of April A.D., 1969, at said County and State ... did then and there unlawfully and *feloniously*, and in a rude, insolent and angry manner, touch, beat, strike and wound WILLIAM DANIEL LANAGAN, then and there being, with the *felonious* intent ... by violence and putting him in fear, to rob, take, steal and carry away the personal possessions of the said WILLIAM DANIEL LANAGAN ...." (Emphasis added.)

*Id. See also Allison v. State, supra,* involving a similar charging instrument in which the word "feloniously" was twice employed.

Additionally, the dissent also apparently attempts to distinguish the reasoning of *Allison v. State, supra* (where the charge was assault and battery with intent to kill) on the theory that use of the word "feloniously" in such a case would not indicate whether the defendant was accused of causing serious bodily injury or merely bodily injury, the latter being sufficient for the principal, express charge of assault and battery with intent to kill. We believe, however, the instant Information is at least as ambiguous as that in *Allison.* As noted above, here Garcia was charged with Class A felony robbery, a necessary element of which is mere bodily injury to the robbery victim or serious bodily injury to any other person. *See Clay v. State,* (1981) Ind., 416 N.E.2d 842. Since the Information alleged only "bodily injury" with respect to Soto, the robbery victim, Garcia was not put on notice of a serious bodily injury charge, and thus the Information did not distinguish the specific felony robbery allegation from possible other crimes. While the dissent asserts there were three possible bodily injury crimes which could have been ambiguously

---

1. IC 1971, 35-13-3-1 (Burns Code Ed.) provided, in relevant part, "[w]hoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery ...."

charged by the instruments in *Nye v. State, supra,* and *Allison v. State, supra,* it suggests there were at least five such crimes under the Code in effect when Garcia was charged, including bodily injury caused by a deadly weapon[2] and criminal recklessness, the latter of which was defined by Ind.Code 35–42–2–2(b) as a Class D felony where "[a] person . . . recklessly, knowingly, or intentionally inflicts serious bodily injury on another person. . . ."[3] The dissenting opinion's reliance on the *absence* of certain allegations (e.g., use of a deadly weapon) is clearly insufficient to put Garcia on notice of the crime allegedly charged. Thus, we conclude as is suggested by the opinions in *Nye* and *Allison,* the mere assertion the defendant "feloniously" engaged in the battery does not permit a conviction for battery, a Class C felony, where there are no specific facts or allegations of "serious bodily harm" as required by our statute. In this regard, the word "feloniously" is merely equivalent to "purposely" or "unlawfully." *Brown v. State,* (1980) Ind.App., 403 N.E.2d 901, 907, *citing Mann v. State,* (1933) 205 Ind. 491, 186 N.E. 283, 187 N.E. 343.

■ Without specifically acknowledging the defect in its charging instrument, the state suggests in the instant appeal that Garcia's conviction for battery, a Class C felony may be supported by the assertion in the *probable cause* affidavit that Garcia broke Soto's jaw with a "hard unknown object" and then threatened to shoot him with Soto's pistol. We find such suggestion to be without merit, since it is apparent that only the Information itself would serve to place Garcia on notice of the crime charged and thus permit him to limit his defense to those matters with which he stands accused. *See Stevens v. State, supra.* As noted by Judge Young in *Stevens,* where this Court reversed a conviction for battery, a Class C felony, because use of a deadly weapon was not charged,

"The State has the absolute discretionary power to decide under which statutes a defendant will be charged when the act constitutes commission of more than one offense. In particular cases, the State may by the words employed in the information determine whether an offense is a lesser included of the crime charged. *Roddy v. State, supra.* Here the State chose Robbery Resulting in Bodily Injury, a Class A felony. The State had it chosen to, could have charged defendant with use of a deadly weapon to cause bodily injury." (Footnote omitted.)

Id. 422 N.E.2d at 1300.

■ Thus, we conclude Garcia's conviction for battery, a Class C felony was improper based on the charging instrument. Given the circumstances of Garcia's trial, however, it further appears that modification, rather than complete reversal, is the appropriate form of relief. As was stated in *Stevens v. State, supra* at 1301, where this Court ultimately held the most serious lesser offense of which the defendant could be convicted was battery, a Class A misdemeanor:

"The remedy when it appears that the defendant has been miseld by the evidence introduced at trial or the issues joined under the information have not been determined is to reverse the conviction and remand for a new trial. Where it is evident that defendant has not been misled and the issues joined under the charging information have been determined, modification, rather than reversal is more appropriate. *McFarland v. State,* (1979) Ind.App., 384 N.E.2d 1104, 1109 and cases cited therein. *See also Ritchie v. State,* (1963) 243 Ind. 614, 189 N.E.2d 575 (Court has authority to modify judgment of conviction by reducing to that of a lesser included offense which under the evidence, the accused should have been adjudged guilty.); *Lane v. State,* (1978) Ind.App., 372 N.E.2d 1223 (modification

---

2. We note the probable cause affidavit in the instant case alleged Garcia hit Soto with a "hard unknown object," and at trial, Soto asserted the weapon used was a pipe.

3. This subsection of the statute was amended in 1981 by adding the sentence "[h]owever, the offense is a class C felony if committed by means of a deadly weapon."

to lesser included because of insufficiency of the evidence on a particular element of crime of which defendant was convicted); Ind.Rules of Procedure, Appellate Rule 15(N)." [4]

As noted above, the jury in the instant case was properly instructed (without objection) on the crime of battery and its various classifications, and Garcia in essence admitted having struck Soto. Thus, it is apparent he was not misled in his battery defense, and his conviction may appropriately be modified as a conviction for battery, a Class A misdemeanor, since bodily injury (though not serious bodily injury) was properly alleged and proven.

■ In reaching this result, we are cognizant Garcia has also alleged on appeal the evidence was insufficient to support any battery conviction. We find this contention to be without merit, however, since Garcia's argument in this regard is essentially no more than an invitation to this Court to re-weigh the evidence. *See Austin v. State*, (1981) Ind.App., 425 N.E.2d 736. The stipulated medical report reveals Soto was injured, and Garcia does not deny hitting him, at least with his fist. Under the facts favorable to the judgment recited above, the jury could reasonably infer Garcia acted without justification and that he was guilty of battery, a Class A misdemeanor.

Accordingly, the cause is remanded for modification and sentencing consistent with this opinion.

YOUNG, J., concurs.

CONOVER, J., dissents with opinion.

CONOVER, Judge, dissenting.

I respectfully dissent.

Art. 1, ¶ 13, Constitution of Indiana reads as follows:

"Rights of accused.—In all criminal prosecutions, the accused shall have the right ... *to demand the nature and cause of the accusation against him*, and to have a copy thereof; ...." (Emphasis supplied.)

I agree with the majority that the failure of an information or indictment to sufficiently notify a defendant of the specific charges made against him is fundamental error and should be raised *sua sponte* by a court on appeal in a proper case. We do not have that kind of case before us, however.

Clearly, battery, class C felony is not a necessarily lesser included offense of robbery, class A felony. However, if an indictment or information sufficiently alleges the elements of a lesser offense so as to put the defendant on notice in order that he may prepare a defense against it, the information is sufficient. *Gutowski v. State*, (1976) 170 Ind.App. 615, 354 N.E.2d 293, 297–298. The information here sufficiently notified Garcia of the charges made against him by the State, including the offense of battery resulting in serious bodily injury, a class C felony. The constitutional mandate was satisfied.

The word "feloniously" was used twice in the information, first in charging class A felony robbery, and next to characterize the causation of Soto's bodily injury by Garcia. To charge class A felony robbery, the State could merely allege bodily injury or serious bodily injury to Soto without more, but it chose to characterize the causation of Soto's injuries. In that regard, the State used the following language in the information:

"... the said ERNEST GARCIA did then and there and thereby unlawfully and *feloniously* cause bodily injury to the said RICARDO SOTO, ...." (Emphasis supplied.)

The majority notes similar language in *Nye v. State*, (1971) 256 Ind. 219, 267 N.E.2d 842 and *Allison v. State*, (1973) 157 Ind.App. 277, 299 N.E.2d 618, was insuffi-

---

4. Moreover, reversal is not precluded in the instant case merely because Garcia, like the defendant in *Gutowski v. State, supra,* failed to properly object to the giving of an instruction on assault involving serious bodily injury. As noted by the *Gutowski* court in this context, "conviction on a charge which is not a properly includable offense is fundamental error." *Id.* 170 Ind.App. at 121, 354 N.E.2d at 297.

cient to inform the defendant he had been charged with Aggravated Assault and Battery. When the courts decided those cases in 1971 and 1973, any allegation the defendant "feloniously caused bodily injury" was too general a description to adequately distinguish which of several charges might have been intended. At least three possibilities existed: Assault and Battery with Intent to Kill, Ind.Code 35–13–2–1 (repealed by Acts 1976, P.L. 148, § 24); Assault and Battery with Acid, Ind.Code 35–13–1–1 (repealed by Acts 1976, P.L. 148, § 24); or Aggravated Assault and Battery, Ind.Code 35–13–3–1 (repealed by Acts 1976, P.L. 148, § 24).

Moreover, that a crime was described as "felonious" did not indicate whether the defendant was accused of causing "serious bodily injury" (necessary for a charge of Aggravated Assault and Battery) or merely "bodily injury" (sufficient for a charge of Assault and Battery with Intent to Kill). The term "felonious" did very little more than indicate the severity of the penalty. It certainly did not inform the defendant of the nature of specific charges. That was no longer true when Garcia was charged with feloniously causing bodily injury in 1979.

Indiana recodified its criminal code in 1976 and bodily injury crimes were classified as misdemeanors or felonies according to the presence or absence of specific elements, including serious bodily injury. At the time of Garcia's arrest, an accusation of causing the kind of bodily injury which was classified as a felony could have meant only that his victim was a police officer or under 13 years of age, or the injuries were serious or caused by a deadly weapon. Ind.Code 35–42–2–1 (1979) (amended 1981). Where there was no allegation the victim was a police officer or a child or that the acts of the defendant were reckless under Ind.Code 35–42–2–2, the charge of "feloniously causing bodily injury" identified only one Indiana statute:

> "IC 35–42–2–1. Battery.—(3) A Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon."

Because the Criminal Code changed markedly after the *Nye* and *Allison* decisions, a description of a bodily injury crime as "felonious" necessarily carried legal significance at the time of Garcia's arrest. It triggered the classification scheme of the Code and served to narrow rather than to enlarge the field of possible crimes. The prosecutor's information charged Garcia with inflicting on Ricardo Soto bodily injury of the type which was classified as a felony under the Indiana Code. The only bodily injury so classified was serious bodily injury or injury inflicted with a deadly weapon. IC 35–42–2–1(3). That was a class C felony and was the crime for which he was convicted.

While the addition of the adjective "serious" to the description of bodily injury in the information would have been wise and appropriate, it was not fatal to the pleading and there is no reason to find this charging information more obscure than it actually was at that time.

It is not necessary that each and every element of a lesser included offense be spelled out in an indictment or information as though it were the sole offense charged to fulfill constitutional notice requirements. *Carter v. State*, (1973) 155 Ind.App. 10, 291 N.E.2d 109, 113; *Chandler v. State*, (1895) 141 Ind. 106, 39 N.E. 444; *State v. Anderson*, (1885) 103 Ind. 170, 2 N.E. 332. In my opinion, the information sufficiently informed Garcia the State was charging him with battery, class C felony, in addition to robbery, class A felony.

The evidence plainly supported the jury's verdict finding him guilty of battery, class C felony. Soto suffered serious bodily injury because of Garcia's attack during the robbery.

I would affirm the conviction.