Vernon MILLER, Appellant,

v.

STATE of Indiana, Appellee.

No. 3–1182A312.

Court of Appeals of Indiana,
Third District.

June 8, 1983.

Charles F. Marlowe, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

On September 9, 1981, at about 8:00 P.M., Vernon Miller, a black Lake County special deputy, became involved in a confrontation with two white men, Bosko Trajkoski and Robert Belinsky, in the parking lot of a McDonald's restaurant in Merrillville, Indiana. The white men began using racial slurs, and Miller, after having advised them he was a police officer, drew his pistol and fired once into the air. Another black patron, Kenny Lewis, became involved in the argument, which turned into an altercation between Lewis and the two white men. While fighting, they worked their way inside the McDonald's. The white men were kicking Lewis. Miller entered the restaurant and fired two shots with his pistol. One of the shots hit Irma Otano, an employee of the restaurant, in the left arm and side of the chest.

Miller was found guilty by a jury of criminal recklessness, a class C felony and received a two-year sentence. The sentence of imprisonment was suspended, and Miller was placed on probation for two years. In appealing his conviction, Miller raises the following issues:

(1) whether Ind.Code § 35–42–2–2 (1982 Burns Supp.) and Ind.Code § 35–41–2–2(c) (Burns 1979 Repl.) are unconstitutionally vague either on their faces or as applied; and

(2) whether the evidence was sufficient to support the verdict of guilty and to overcome Miller's motion for a directed verdict.

 We would first call to the attention of Miller's counsel Ind.Rules of Procedure, Appellate Rule 8.3(A)(5). The statement of facts contained in an appellate brief is to be a narrative statement supported by references to the record and not summaries of each witness's testimony on direct, cross, redirect, and recross-examination as was presented in Miller's brief. While it has been held that such a presentation renders a brief defective thus requiring rebriefing, we will not pursue that route in this case, but will instead address the merits of the appeal. *Elsperman v. Plump* (1983), Ind. App., 443 N.E.2d 1206.

The statutes which Miller is challenging are IC 35–42–2–2, the criminal recklessness statute:

"(a) A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to

another person commits criminal recklessness, a class B misdemeanor. However, the offense is a:

(1) Class A misdemeanor if the conduct includes the use of a vehicle; or

(2) Class D felony if it is committed while armed with a deadly weapon.

"(b) A person who recklessly, knowingly or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a class D felony. However, the offense is a class C felony if committed by means of a deadly weapon."

and IC 35–41–2–2(c), the culpability statute:

"A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct."

A statute is presumed to be constitutional, and that presumption continues until it is clearly overcome by a showing that it is unconstitutional. If the language of a statute supports a construction which is constitutional, then that construction must be adopted.

Due process prohibits vagueness in penal statutes. Likewise, a statute which is plain and unambiguous on its face may still violate due process when applied to a specific situation. In order to satisfy due process requirements, a statute must be so explicit as to inform individuals of ordinary intelligence of the consequences of their conduct. It must not cause men of common intelligence to guess at its meaning or differ as to its application. *Wallman v. State* (1981), Ind.App., 419 N.E.2d 1346.

The Supreme Court of Indiana discussed the use of the term "reckless" previously and found it to be sufficiently definite. *State v. Beckman* (1941), 219 Ind. 176, 37 N.E.2d 531. It also seems clear that a person who enters a fast-food restaurant which contains employees and patrons and fires a pistol twice should know that such behavior is reckless and deviates from acceptable standards of conduct. Men of reasonable intelligence would not differ on the situation. Therefore, we find that the statutes Miller complains of are not unconstitutionally vague either on their faces or in their application.

Next Miller contends that the evidence was insufficient to support the verdict of guilty and to overcome his motion for a directed verdict. However, when a defendant presents evidence on his own behalf after his motion for a directed verdict, as was done in this case, he waives any error in the denial of the motion. *Miller v. State* (1981), Ind., 417 N.E.2d 339. Furthermore, when there is sufficient evidence in the record to support the conviction, refusal to direct a verdict is proper. *Dilworth v. State* (1981), Ind., 425 N.E.2d 149.

In reviewing challenges to the sufficiency of the evidence, this Court neither weighs the evidence nor judges the credibility of the witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Jones v. State* (1982), Ind.App., 435 N.E.2d 616.

Miller argues that there was insufficient evidence that he intentionally caused harm to Ms. Otano, but rather, any harm caused was merely accidental and was the result of poor or foolish judgment. It was not necessary for the State to prove that Miller acted intentionally. He was charged with criminal recklessness. The State had only to prove that Miller acted recklessly. He was not required to intend the harm which resulted from his actions; it was sufficient to show that he realized or should have realized that there was a strong probability that such harm might result.

Miller was a special deputy sheriff and was supposedly trained in the use of firearms. He should have realized that if a gun is fired in a restaurant containing people, there is a strong probability that one of those people might be on the receiving end of that bullet. His "poor or foolish judgment" in this instance fell well within the boundaries of recklessness.

Miller goes on to argue that the State failed to establish that Ms. Otano suffered serious bodily injury. "Serious bodily injury" is defined in Ind.Code § 35–41–1–2 (Burns 1979 Repl.):

" 'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

Ms. Otano testified that she suffered pain, lost the use of her arm for two months, and was hospitalized for nine days. Such an injury would be considered serious by reasonable men and falls within the statutory definition. Furthermore, this Court has held previously that evidence of a bullet wound is sufficient to support a finding of great bodily harm. *Padgett v. State* (1978), 177 Ind.App. 469, 380 N.E.2d 96. There was sufficient evidence in this case to support the verdict of guilty.

Affirmed.

STATON and GARRARD, JJ., concur.