Robert D. ABNEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 55S00–8704–CR–389.

Supreme Court of Indiana.

July 14, 1988.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Criminal Recklessness with a Deadly Weapon, a Class D felony, for which he received a sentence of three (3) years, enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are: Appellant and his wife Debbie had been separated since August of 1985. On October 31, 1985, appellant became intoxicated and entered the H & H Tavern in Martinsville. Debbie was seated at the bar and a man who was not known to her was seated next to her. When appellant entered, he accused Debbie of being with the stranger. An argument ensued in which appellant and Debbie exchanged blows. Another tavern patron, James Prather, attempted to come between appellant and Debbie to stop the fight. At the time, appellant was holding a small pocketknife in his hand with the blade open. He struck Prather below his rib cage in order to remove him from the struggle. After Prather returned to the bar stool, he discovered that he had been cut. He had a shallow wound in his abdomen which was described as small. However, evidence showed that it required from six to eight stitches to close. Both Prather and appellant testified that the infliction of the wound was accidental.

Appellant claims there is insufficient evidence to sustain his conviction. He bases his claim on the fact that both he and Prather testified that the wound was accidentally inflicted. However, appellant misconstrues his charge and conviction. He was charged and convicted with criminal recklessness with a deadly weapon. There is no dispute that appellant had an open pocketknife in his hand at the time he struck Prather. It is not charged that he intended to cut Prather with the knife nor was it necessary for the jury to find such an intention.

The intent necessary in this conviction was the intent to strike Prather with the knowledge that appellant was holding an open knife in his hand at the time. Appellant's argument would be viable had he been charged with the deliberate stabbing

of Prather. However, the evidence in this record is sufficient to show that he proceeded with criminal reckless disregard for Prather's safety when he deliberately struck him with the hand holding an open knife. *Hardesty v. State* (1967), 249 Ind. 518, 231 N.E.2d 510, citing *Beeman v. State* (1953), 232 Ind. 683, 115 N.E.2d 919.

█ Appellant claims the trial court erred in not allowing him to challenge the prior conviction for constitutional infirmity during the habitual offender proceeding. The State produced evidence that in 1971 appellant had entered a plea of guilty in Federal court to bank robbery charges. He claims the record in that case shows that he was not afforded his proper personal advisement regarding the privilege against self-incrimination. The transcript on his plea of guilty was introduced into evidence and there is no showing that such advisement was given. However, this is not a matter which can be collaterally raised in the habitual offender hearing. Such infirmity, if in fact it be an infirmity, may be judicially determined only upon a hearing to ascertain the total factual situation. This cannot be done in a collateral attack and must be presented in the court of original jurisdiction. *See Mills v. State* (1987), Ind., 512 N.E.2d 846; *Brown v. State* (1986), Ind., 497 N.E.2d 1049; *Baird v. State* (1986), Ind., 497 N.E.2d 538. The trial court did not err in refusing to allow appellant to collaterally attack his prior conviction at the habitual offender hearing.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.