Donald **WALLACE,**
Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 67A01–9002–CR–88.

Court of Appeals of Indiana,
First District.

Aug. 20, 1990.

William L. Soards, Soards & Fruechtenicht, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Geoff Davis, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant Donald Wallace appeals his conviction for criminal recklessness, a Class A misdemeanor.[1] The sole issue Wallace raises for our review is whether the evidence is sufficient to sustain his conviction. We hold that it is not, and therefore reverse.

1. IND.CODE 35–42–2–2.

## FACTS

Wallace is a truck driver. On June 11, 1989, he was traveling east at approximately 60 miles per hour in the right hand lane of Interstate 70 in Putnam County. He was driving a tanker truck loaded with grain alcohol. As he approached a slow moving vehicle, he moved into the left hand lane to pass. In the process, he inadvertently forced a passenger car occupied by Dr. Isador Mandelbaum and his wife into the median strip, fortunately harming no one. Another trucker, who was traveling directly behind Wallace in convoy with him, saw the incident and, as it occurred, radioed to Wallace that he had forced a car off the road. Wallace immediately veered back into the right hand lane and the Mandelbaums re-entered the highway. Soon thereafter, Wallace and the other truck driver exited the highway to report the incident to their company dispatcher.

Dr. Mandelbaum notified the Indiana State Police, who found Wallace at a truckstop and confronted him. Wallace admitted his involvement in the incident.

At Wallace's bench trial, he and his fellow truck driver testified Wallace used his turn signal and checked his mirror before changing lanes, and both opined Dr. Mandelbaum's car must have been in Wallace's "blind spot." Wallace also gave uncontroverted testimony that he never saw the car. Dr. Mandelbaum and his wife testified Wallace had neither signaled nor checked his mirror.

In rendering judgment, the trial judge made the following statement:

Mr. Wallace, whether you didn't look, whether you looked and had a blind spot, to drive a semi with equipment that doesn't give you a clear vision or if it doesn't, not to turn your head and look every time before you pull out, is reckless and criminal aside from what you were carrying in your truck which just doubles the risk imposed well, it puts the risk on others beyond definition.

2. *See also* Hall, *General Principles of Criminal Law* (2d ed. 1960), 105–45, and especially pp.

## DECISION

When reviewing a challenge to the sufficiency of the evidence to sustain a conviction, we neither reweigh the evidence nor judge the credibility of witnesses. We consider only the evidence most favorable to the judgment, together with all reasonable inferences flowing therefrom, and we will not disturb the judgment if there is substantial evidence of probative value to support it. *Hurt v. State* (1990), Ind.App., 553 N.E.2d 1243.

Criminal recklessness is proscribed by IND.CODE 35–42–2–2, which provides in pertinent part:

(b) A person who recklessly, knowingly, or intentionally performs:

(1) an act that creates a substantial risk of bodily injury to another person;

.     .     .     .     .

commits criminal recklessness, a Class B misdemeanor. However, the offense is a:

(1) Class A misdemeanor if the conduct includes the use of a vehicle;

The culpability statute, IND.CODE 35–41–2–2, provides that "[a] person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." IND.CODE 35–41–2–2(c).

Recklessness "is a form of intentional harm-doing in that it is volitional in a wrong direction. Recklessness, however, differs from intentionality in that the actor does not seek to attain the harm; rather he believes that the harm will not occur." *Humes v. State* (1981), Ind., 426 N.E.2d 379, 383.[2] The actor need not intend to accomplish a criminal result; rather, "[r]ecklessness is shown by a disregard for the harm that might result and the offense is not a specific intent crime." *Id.* To win a conviction, the State does not need to prove the actor acted intentionally, but merely that the actor realized or should have realized there was a strong probabili-

113–17, from which the quoted language is originally derived.

ty that the harm might occur. *Miller v. State* (1983), Ind.App., 449 N.E.2d 1119.

In the present case, Wallace was aware of the potential for harm if one vehicle forces another off the road, and he testified a driver should keep track of traffic approaching from the rear. The State argues Wallace's failure to keep track of traffic is an act in "conscious and unjustifiable disregard for the harm that could result in an accident...." *Appellee's Brief* at 5. This argument reflects a misunderstanding of the crime of recklessness and, in essence, seeks to criminalize negligence.

For example, in *Miller, supra,* this court sustained the recklessness conviction of an off-duty sheriff's deputy who deliberately discharged his weapon during an altercation in a McDonald's restaurant, injuring an employee. Miller knew the restaurant was full of people at the time. In *Beach v. State* (1987), Ind.App., 512 N.E.2d 440, *trans. denied,* we upheld the recklessness conviction of a defendant who, after arguing with a group of people, drove his car down the sidewalk in front of the house where the argument occurred and nearly ran over some of the people from the group who were clearly in his path. In *Abney v. State* (1988), Ind., 525 N.E.2d 333, our supreme court upheld the recklessness conviction of a tavern patron who stabbed a fellow patron. Abney was brawling with his estranged wife and had an open pocket-knife in his hand. Another patron tried to intervene and was inadvertently stabbed when Abney tried to keep him out of the struggle. The court stated the intent the State had to prove "was the intent to strike [the intervening patron] with the knowledge that appellant was holding an open knife at the time." *Id.*

Analogizing the facts and decisions in the cited cases to the present case, Wallace's sole intent was to change lanes. He had no intent to change lanes with conscious and unjustifiable disregard for the safety of Dr. Mandelbaum and his wife, because he had no knowledge of their presence, and he could not be reckless with regard to a potential harm unknown to him. If he had known of the Mandel-

baums' presence next to him and nonetheless changed lanes hoping not to harm the Mandelbaums, he would be guilty of recklessness. But his failure to acquire knowledge of their presence or to use his turn signal was negligent at most, not reckless.

For the foregoing reasons, the judgment of the trial court is reversed, and Wallace's conviction is vacated.

ROBERTSON, J., dissents with opinion.

BUCHANAN, J., concurs.

ROBERTSON, Judge, dissenting.

I respectfully dissent for the reason that the majority opinion had to weigh the evidence and judge the credibility of the witnesses in order to reach the end result. This is not allowed. *Hurt v. State* (1990), Ind.App., 553 N.E.2d 1243.

In viewing the evidence most favorable to the verdict, it is obvious that professional truck driver Wallace changed lanes of traffic without looking or signaling his intention, and in so doing created a substantial risk of harm to Dr. Mandelbaum and his wife. The evidence and inferences legitimately drawn therefrom show that Wallace had to know that in so doing he was acting in disregard of the harm that could result to a passing motorist. The evidence, when measured against the essential elements of the crime of criminal recklessness, is more than adequate to sustain the conviction.

I would affirm the conviction.