**Valentino DOUGLAS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–9310–CR–363.**

Court of Appeals of Indiana,
Third District.

April 11, 1994.

Transfer Denied June 2, 1994.

Kenneth M. Hays, South Bend, for appellant.

---

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

GARRARD, Judge.

Valentino Douglas (Douglas) entered a guilty plea to the charge of carrying a handgun with a prior felony conviction. Douglas was sentenced to a year-and-a-half executed term, to run consecutively to an unrelated charge. Douglas appeals the determination that this sentence be imposed consecutively to the other unrelated crime; we affirm.

On April 23, 1993, Douglas was convicted of two counts of robbery. Following this conviction, Douglas was released on bond while awaiting sentencing. Douglas failed to appear at his sentencing and his bond was revoked. A bench warrant was subsequently issued to bring Douglas into custody.

On May 28, 1993, following an incident unrelated to the robbery conviction, Douglas was charged with carrying a handgun without a license, a class A misdemeanor,[1] and carrying a handgun without a license with a prior felony conviction, a class D felony.[2] Pursuant to a plea agreement, Douglas pled guilty to the felony charge; the misdemeanor charge was dropped.

On July 20, 1993, the trial court sentenced Douglas for the possession of a handgun charge. The court ordered that the sentence be served consecutively to that of the robbery conviction. Douglas timely filed his praecipe and now appeals.

Douglas presents the issue of whether the trial court erred in ordering that his handgun possession sentence be served consecutively to the sentence on the unrelated robbery charge.

Douglas argues that the court "was without any authority to order its sentence [to be] served consecutive[ly] to the unrelated sentence." Appellant's brief, 4.

■■■ An Indiana court does not have authority to impose consecutive sentences unless there is a specific statute which grants this authority. *Baromich v. State* (1969), 252

---

**1.** I.C. 35–47–2–1; 35–47–2–23(c).

**2.** *Id.*

Ind. 412, 416, 249 N.E.2d 30, 33. The court's authority for imposing consecutive sentences is found at I.C. 35–50–1–2. Subsection (b) provides:

> If, after being arrested for one (1) crime, a person commits another crime:
>
> . . . . .
>
> (2) while the person is released:
>> (A) upon the person's own recognizance; or
>>
>> (B) *on bond;*
>
> the terms of imprisonment for the crimes *shall be served consecutively,* regardless of the order in which the crimes are tried and sentences are imposed.

I.C. 35–50–1–2(b) (emphasis added).

Douglas argues that he was not "on bond," since the bond had been revoked (in the robbery case) due to his failure to appear. Douglas appears to concede that if his bond had not been revoked when he was arrested for possessing a handgun, consecutive sentences would be proper.

Both the State and Douglas report that they have been unable to locate a case regarding this fact situation; likewise we have found no published opinion addressing the issue.

We are mindful that penal statutes are to be strictly construed against the State. *Spangler v. State* (1993), Ind., 607 N.E.2d 720, 723. We strive to determine and give effect to legislative intent. *Id.*

Strict construction is not enough to sustain Douglas's argument. It seems clear from the statute that the Legislature intended to require imposition of consecutive sentences where a defendant commits a crime while still on probation or parole from another offense, or where he has been arrested but not yet tried on one offense and commits another offense while released from jail awaiting trial on the pending offense. IC 35–50–1–2. It would clearly frustrate that intent to determine that subsection (b)(2) had no application to a defendant who has been arrested and released on bond and then commits an offense after his bond has been revoked but before he has been reapprehended. On the other hand, Douglas was at large because he had been released on bond, and that can be interpreted as meeting the statutory requirement. That he remained at large due to his own volition after his bond was revoked need not remove him from the statutory classification and such a construction would clearly comport with legislative intent.

We therefore hold that IC 35–50–1–2(b)(2) applies to the facts before us. The trial court correctly imposed a consecutive sentence.

Affirmed.

STATON and RUCKER, JJ., concur.