**Jermann S. GARNER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49A04–9407–CR–261.

Court of Appeals of Indiana, Fourth District.

Feb. 2, 1995.

William F. Thomas, Jr., Indianapolis, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Jermann S. Garner appeals his conviction for resisting law enforcement as a class D felony and his sentencing. We affirm.

### ISSUES

1. Whether the trial court erred in ordering that Garner's sentences be consecutive to other sentences.

2. Whether sufficient evidence supported Garner's conviction for resisting law enforcement as a class D felony.

1. Ind.Code 35–44–3–3.

### FACTS

At about 1:00 a.m. on June 9, 1993, Indianapolis Police Department Officer Paula Irwin observed a near collision at the intersection of 38th and Capitol in Indianapolis. Irwin drove her marked police vehicle onto the parking lot of 500 Liquor, where the two cars involved had proceeded after the incident. Irwin observed the passenger in the car driven by Jermann Garner exit the car, walk over to the other car and strike an individual in the second car. The attacker then "jumped back in" Garner's car, and the car "took off" eastbound on 38th Street. Irwin activated her lights and siren, following Garner, but Garner did not stop. The Garner vehicle ran through seven red lights on 38th Street. There was traffic on the streets; traffic often had to stop as Garner ran the red lights; several times collisions were just barely avoided; and at 38th and Fall Creek, several cars "had to pull off to the head on lane to avoid him." R. at 54.

After stopping the car, Garner and his passenger fled on foot. Garner entered a stranger's apartment, where he was found and arrested.

An information filed June 10, 1993, charged Garner with resisting law enforcement as a class D felony[1] for operating a vehicle "in a manner that created a substantial risk of bodily injury to other motorists," and with residential entry as a class D felony[2]. The State also filed a petition for "detainer and/or greater than standard bond" stating that Garner had been on probation effective May 20, 1993, for a felony burglary charge. R. at 15.

A bench trial was held November 30, 1993. Garner was found guilty on both charges. The presentence report, which Garner agreed to having read and to which he made no corrections when asked, showed 1) a B felony burglary for which Garner had been placed on probation for two years beginning May 20, 1993; and 2) two pending charges of possession and one of criminal trespass. R. at 27–28. At sentencing on April 19, 1994,

2. Ind.Code 35–43–2–1.5.

the court ordered Garner to serve one and one-half years for the resisting charge and one and one-half years for residential entry, concurrently. However, the court further provided that the instant one and one-half years sentences run consecutive to any sentences Garner might receive on both the pending probation violation charge and the pending possession of cocaine charge.

## DISCUSSION AND DECISION

### 1. CONSECUTIVE SENTENCE

Garner claims the court erred in ordering his sentence arising from these convictions to "run consecutive to sentences to be imposed in other courts which had not yet been imposed." Appellant's brief at 5.

■ In the absence of express statutory authority, the trial court cannot order consecutive sentences. *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311. Express authority for the trial court to so sentence is found in Ind.Code 35–50–1–2. More importantly, the legislature has directed that

"[i]f, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the persons's own recognizance; or

(B) upon bond;

the terms of imprisonment for the crimes *shall* be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

I.C. 35–50–1–2(b) (emphasis added). Hence, in certain circumstances the legislature has mandated consecutive sentencing.

■ Garner challenges "authority as to whether the Court could impose a sentence consecutive to any future sentence for a probation violation," and asserts "there is no authority to support the Court's sentence as to future sentences for charges which are still pending." Appellant's brief at 6. For these propositions, and in sole support of his claims of sentencing error, Garner refers us to *Scott v. State* (1994), Ind.App., 632 N.E.2d 761.

As to sentencing consecutive to a probation violation, *Scott* is directly on point. Scott was convicted of battery. The presentence investigation report filed before his sentencing disclosed that at the time Scott committed the battery, he was on probation for two separate prior offenses. We acknowledged the dissent's concern about "how the court in this case can order this sentence to be served in consecutive order when at the time of sentencing it is uncertain what action will be taken in any probation revocation proceeding," but we found a "clear legislative mandate for the execution of consecutive sentencing" in I.C. 35–50–1–2(b). We concluded that because the statute

"required that Scott's sentence for the instant offense be served consecutively to the sentences for any offenses for which he had been convicted at the time he committed the instant offense and from which he had not been discharged from probation at the time of sentencing for the instant offense,"

there was no error in ordering Scott's sentence be consecutive to any violation of probation imposed. *Id.* at 768.

In addition to the two documents (described in the FACTS section) before the court indicating Garner's status as having been on probation beginning twenty-one days before the commission of these offenses, Garner and his counsel admitted at the sentencing hearing that he had been on probation and had a pending probation violation. Consistent with *Scott*, the order that Garner's instant sentence be served consecutive to any sentence imposed in the probation proceedings was proper.

■ As to the authority to support the court's order that Garner's instant sentence be served consecutive to any possible sentence on the pending cocaine possession charge, we refer again to the statute. If one is arrested for one crime, and commits another crime while being released either on the person's own recognizance or on bond, consecutive sentencing is mandatory. I.C. 35–50–1–2(b)(2). According to the presentence

report, Garner had a pending charge of possession. When asked about this at the sentencing hearing, Garner affirmed that he had "picked up" the cocaine possession charge "after this case." R. at 120. Our review of the record indicates that from the time of the June 9th incident until the January presentence report, Garner had only five days jail credit. Thus, Garner had been released either on his own recognizance or on bond. As we observed in *Douglas v. State* (1994), Ind. App., 632 N.E.2d 1150,

> "It seems clear from the statute that the Legislature intended to require imposition of consecutive sentences where a defendant commits a crime while still on probation or parole from another offense, or where he has been arrested but not yet tried on one offense and commits another offense while released from jail awaiting trial on the pending offense."

*Id.* at 1151.

Garner directs us to no authority barring the order that his sentence be consecutive to that resulting from his having been charged with possession of cocaine after his commission of the resisting and residential entry charges. Likewise, the State provides no precedent for sustaining the order. However, given the "straightforward terms," *Scott, supra* at 767, of the mandatory consecutive sentencing authority, and the clear intent of the legislature, *Douglas, supra,* that consecutive sentencing apply when one commits a crime while on release after having been charged with an earlier crime, we find no error in the court's order that Garner's instant sentence be consecutive to that imposed on the pending cocaine possession charge.

## 2. SUFFICIENCY OF THE EVIDENCE

Garner next claims that the State's evidence is insufficient to sustain his conviction for resisting law enforcement as a class D felony "because the State failed to prove beyond a reasonable doubt that there was a substantial risk of bodily injury to another person." Appellant's brief at 8.

The offense of resisting law enforcement as a class D felony has been defined by the legislature to include "knowingly or intentionally" fleeing "from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop" and, while so doing, the individual "operates a vehicle in a manner that creates a substantial risk of bodily injury to another person." Ind.Code 35–44–3–3.

Garner argues that according to *Wallace v. State* (1990), Ind.App., 558 N.E.2d 864, the "mere fact that a person is forced to change lanes because of another driver's actions does not establish the crime of Criminal Recklessness." Appellant's brief at 8. As Garner's argument expressly states, Wallace was charged with criminal recklessness. Further, *Wallace* specifies that recklessness "differs from intentionality...." *Id.* at 865.

The offense of which Garner was convicted is the knowing or intentional resisting of law enforcement while operating a vehicle so as to create a substantial risk of bodily injury to another. As noted in *Wallace, supra,* we review a challenge to the sufficiency of the evidence sustaining a conviction by considering

> "only the evidence most favorable to the judgment, together with all reasonable inferences flowing therefrom, and we will not disturb the judgment if there is substantial evidence of probative value to support it."

*Id.* at 865. As reported in the FACTS section, the police officer testified that Garner ran seven separate red lights as he proceeded eastward on 38th Street followed by a marked police car with lights and siren activated. That police officer specifically described how several cars at 38th and Fall Creek "had to pull off to the head on lane to avoid him." A second officer, who also followed in her police unit with lights and siren, testified that the chase was quite fast. This evidence supports the inference that another driver who did not observe Garner's failure to observe the red traffic signal could have been struck broadside by Garner, or that another driver who did not see an evading vehicle seek the "head on lane" could have indeed been struck head on in that lane. The circumstances of Garner's speed and his failure to observe red traffic lights sustain the inference that Garner's operation of the

vehicle posed a substantial risk of injury to others.

We affirm.

CHEZEM and STATON, JJ., concur.