**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID M. PAYNE**
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERVIN MCCLUNG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A02-1302-CR-134 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Warren Haas, Judge
Cause No. 27D03-1206-CM-320

**September 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Ervin McClung appeals his convictions for Class B misdemeanor battery and Class A misdemeanor criminal recklessness. He contends that the evidence is insufficient to sustain his convictions. Finding the evidence sufficient for both convictions, we affirm.

## Facts and Procedural History

The facts most favorable to the convictions follow. On November 9, 2011, Maiah Gross called McClung to ask for a ride to work. McClung agreed to take Gross to work if she paid him for gas. McClung arrived at her home late and Gross was upset that she and her two children were waiting in the cold and she would be late for work. Gross got into the car and put her children in car seats in the back of McClung's car. Her children were one and two-and-a-half years old at the time.

After McClung started driving, McClung and Gross began to argue. As the argument continued, McClung threatened to take Gross home. Gross said that if he took her home, she would not give him any money for gas. McClung grabbed Gross's purse in an attempt to take gas money. Gross took her wallet out of the purse and called the police.

At that point, McClung turned into a driveway and stopped the car. He ordered Gross to take her children and get out of the car. When Gross refused, McClung got out of the car, opened the driver's side back door, unbuckled Gross's one-year-old child's car

seat, and roughly set the child, who was still in the car seat, on the ground outside the car. Because the ground was uneven, the car seat tipped over.

Gross called her mother and again called the police. McClung got back into his car and threw some items from Gross's purse outside of the car. Gross then grabbed some of McClung's stuff and threw it out of the car. At that point, McClung grabbed Gross by the back of her neck and pulled her forward.

Gross then got out of the car and unbuckled her two-and-a-half-year-old child. The child was still in the car seat. She turned the car seat so that the child was facing away from her when McClung leaned over and shoved the car seat, with the child still inside, out of the car, causing it to fall backwards onto the ground. The car seat was still connected to the car and McClung pulled forward dragging the car seat about three feet. Gross screamed. According to Gross, McClung could see that he was pulling the car seat by the seatbelt as he inched forward. Tr. p. 10.

When McClung stopped, Gross pulled her child out of the car seat. McClung then backed up, still dragging the empty car seat. After a few feet, the car seat untangled from the seatbelt and was no longer being dragged. McClung drove away.

In November 2011, the State charged McClung with two counts of Class B misdemeanor battery and one count of Class A misdemeanor criminal recklessness. Appellant's App. p. 7-8. McClung pled guilty to all three counts in Marion City Court and was sentenced to a 180-day suspended sentence and one year of non-reporting probation. The sentences were to be served concurrently. *Id.* at 12-17. McClung then

3

filed a request for a trial *de novo*. *Id.* at 18. The Grant Superior Court granted his request. *Id.* at 21-22.

A bench trial was conducted in January 2013. At trial, McClung testified that he hugged Gross instead of grabbing her and that he did not see the car seat dragging on the ground. The trial court found McClung guilty of one count of Class B misdemeanor battery and one count of Class A misdemeanor criminal recklessness. *Id.* at 36. McClung was sentenced to 180 days in jail, which was suspended. *Id.* The court also ordered McClung to serve one year of probation and entered a no-contact order with Gross. *Id.*

McClung now appeals.

**Discussion and Decision**

McClung contends that the evidence is insufficient to support his conviction for Class B misdemeanor battery and Class A misdemeanor criminal recklessness. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

Class B misdemeanor battery occurs when a person "knowingly or intentionally touches another person in a rude, insolent, or angry manner . . . ." Ind. Code § 35-42-2-1; Appellant's App. p. 7. McClung essentially admits to choking Gross. Appellant's Br. p.

4

10 (quoting Tr. p. 7). However, he claims that it was not done in a rude, insolent, or angry manner. Appellant's Br. p. 10. Instead, McClung argues for the first time on appeal that he was entitled to use reasonable force to eject her and that he was "exercising self-help in resolving the issue." *Id.*

It is well-settled that generally speaking, "[t]he failure to raise an issue at trial waives the issue on appeal." *Wilson v. State*, 931 N.E.2d 914, 919 (Ind. Ct. App. 2010), *trans. denied*. At trial, McClung never asserted a privilege for touching Gross to remove her from the car. In fact, he said that "I tried to hug her and put my arms around her." Tr. p. 43. During closing argument, defense counsel said, "I don't believe he even touched her." *Id.* at 59. McClung cannot now assert that he was privileged to use physical force to remove Gross from his car.

Even still, the evidence is sufficient to support his conviction of Class B misdemeanor battery. Gross testified that McClung "reached over the back of my neck and grabbed me . . . it wasn't in a gentle way . . . basically choking wise not from the front but from the back." *Id.* at 7. This evidence is sufficient to support McClung's battery conviction. *See Bailey*, 979 N.E.2d at 135 ("A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim.").

In order to convict McClung of Class A misdemeanor criminal recklessness, the State must prove that McClung (1) recklessly (2) performed an act (3) including the use of a vehicle (4) that created a substantial risk of bodily injury to Gross's two-and-a-half-year-old child. Ind. Code § 35-42-2-2(b), (c)(1); Appellant's App. p. 8. A person

5

engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. Ind. Code § 35-41-2-2(c). In order to obtain a conviction for criminal recklessness, "the State does not need to prove the actor acted intentionally, but merely that the actor realized or should have realized there was a strong probability that the harm might occur." *Wallace v. State*, 558 N.E.2d 864, 865-66 (Ind. Ct. App. 1990).

McClung argues that the evidence is insufficient to support his conviction for Class A misdemeanor criminal recklessness because "it is highly improbable that [McClung] would have recklessly, knowingly or intentionally pulled forward risking injury to the child" and that "[o]bviously [McClung] thought both children were out of the car at that point." Appellant's Br. p. 11.

We reject McClung's invitation to reweigh the evidence. The evidence most favorable to the judgment shows that McClung pushed the car seat out of the car door and inched forward about three feet, dragging the car seat on the ground. Gross screamed at McClung. McClung's car door was open and he saw that the car seat was being pulled by the seatbelt. Based on this evidence, the trial court had a reasonable basis for concluding that even if McClung did not act intentionally, he should have realized that pulling a car seat with a child in it dragging on the ground creates a strong probability that harm might occur. The evidence is sufficient to sustain McClung's conviction for

Class A misdemeanor criminal recklessness.[1]

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.

---

[1] McClung argues that this case is similar to *Wallace v. State*. It is not. In *Wallace*, this Court held that Wallace was not reckless when he changed lanes and inadvertently forced a passenger car into the median strip because he did not see the car. The Court concluded that he could not be reckless because his truck had a blind spot and did not know the car was there. *Wallace*, 558 N.E.2d at 866. In this case, McClung pushed the car seat, with the child still inside, out of the door and the passenger door was still open. Gross was also screaming as the incident occurred. These facts suggest that unlike the truck driver in *Wallace*, McClung should have known that his actions would create a substantial risk of causing harm to the child.

7