**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**S. NEAL ZILIAK**
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSE AYALA CUEVAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A04-1306-CR-298 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable James Toombs, Judge Pro Tempore
Cause No. 29D04-1206-CM-5036

**February 27, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Here, domestic discord spiraled out of control and endangered a police officer assisting in a child custody exchange. Appellant-defendant Jose Ayala Cuevas appeals his convictions for Criminal Recklessness,[1] a class A misdemeanor; and Reckless Driving,[2] a class B misdemeanor. More particularly, Cuevas argues that there was insufficient evidence to convict him of these offenses. Finding sufficient evidence to convict Cuevas of criminal recklessness but concluding that his conviction for reckless driving was essentially vacated, we conclude that Cuevas's second argument is moot and affirm the judgment of the trial court.

## FACTS

On April 25, 2012, Officer Song Kang of the Westfield Police Department was dispatched to the residence of Lisa Uesugi in Villitir Court to provide police presence at a child custody exchange. Officer Kang arrived at Uesugi's residence and parked on the street in front of the house. Officer Kang spoke with Uesugi for a moment and then waited in the driveway near the steps to the house while Uesugi got her daughter ready for the exchange.

Officer Kang heard a vehicle drive into Villitir Court at what sounded like a high rate of speed. Based on Officer Kang's training and experience, Officer Kang thought that the vehicle accelerated quickly. Officer Kang then observed Cuevas driving a red vehicle onto Villitir Court at a high rate of speed. Cuevas proceeded past Officer Kang's

---

[1] Ind. Code § 35-42-2-2(b)(1) and -2(c)(1).

[2] Ind. Code § 9-21-8-52(a)(1).

parked vehicle and turned into the driveway at a rate of speed that caused the vehicle to scrape the driveway surface. Cuevas sped directly toward Officer Kang, focusing solely on Uesugi, who was standing approximately thirty feet from Officer Kang. Immediately before Officer Kang had to make a "last second decision of either turning left or right or jumping out of the way of the vehicle, he stopped within about 15 feet of where I was standing." Tr. p. 12-13. Because of the speed that Cuevas was traveling, when he stopped his vehicle, the weight shifted from the rear of the vehicle, forcing the front shocks to absorb the momentum.

Cuevas exited the vehicle, immediately yelling profanity at Uesugi and arguing with her. Id. at 14-15. Officer Kang instructed Cuevas to stop, but he refused. Officer Kang arrested Cuevas because of his driving and his disorderly conduct.

On June 12, 2012, the State charged Cuevas with class A misdemeanor criminal recklessness and class B misdemeanor reckless driving. At the conclusion of Cuevas's April 18, 2013 bench trial, the trial court found him guilty on both counts.

On May 15, 2013, the trial court held a sentencing hearing and sentenced Cuevas to 365 days in the Hamilton County Jail for class A misdemeanor criminal recklessness with 180 days executed through electronic monitoring, and the remainder on supervised probation. Later that same day, the trial court issued an amended sentencing order merging the conviction for reckless driving into the conviction for criminal recklessness.

3

On May 16, 2013, the trial court issued a second amended sentencing order, placing Cuevas on probation for 185 days. On May 15, 2013, Cuevas filed a motion to correct error, which the trial court denied on May 23, 2013. Cuevas now appeals.

## DISCUSSION AND DECISION

Cuevas is appealing from a motion to correct error. We review a trial court's ruling on a motion to correct error for an abuse of discretion. Nichols v. State, 947 N.E.2d 1011, 1015 (Ind. Ct. App. 2011). However, where the issues involve exclusively matters of law, we review the trial court's decision de novo. Id.

### I. Criminal Recklessness

Cuevas argues that the trial court erred by denying his motion to correct error because there was insufficient evidence to convict him of class A misdemeanor criminal recklessness. When reviewing a challenge to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). Instead, we look to the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom. Chambliss v. State, 746 N.E.2d 73, 77 (Ind. 2001). A conviction will be affirmed unless no reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.

Indiana Code § 35-42-2-2(b)(1) and -2(c)(1) defines class A misdemeanor criminal recklessness as recklessly, knowingly, or intentionally, through the use of a

vehicle, performing, "an act that creates a substantial risk of bodily injury to another person."

Cuevas asserts that the evidence did not prove that he possessed the required culpability or mens rea for the crime. Because intent is a mental state, absent an admission by the defendant, "the trier of fact must resort to the reasonable inferences from both the direct and circumstantial evidence to determine whether the defendant ha[d] the requisite knowledge or intent to commit the offense in question." Stokes v. State, 922 N.E.2d 758, 764 (Ind. Ct. App. 2010). Accordingly, intent "may be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points." Id.

In this case, Officer Kang saw Cuevas driving at a high rate of speed from the time he came into view on the street until he stopped in the driveway, approximately fifteen feet from the officer. Tr. p. 12-14, 31. Indeed, Cuevas was driving so fast that the bottom of his vehicle scraped the driveway as he turned onto it and, when he stopped after speeding up the driveway, his vehicle weight shifted forward, causing the vehicle to nose-dive. Id. at 12-14.

Furthermore, Officer Kang noticed that Cuevas did not look at him until he stopped. Id. at 12, 26. His sole focus was on Uesugi, who was standing approximately thirty feet to the left of the officer. Notwithstanding Cuevas's apparent focus on Uesugi, he testified that he saw Officer Kang from the street as he arrived. Id. at 51-52. Therefore, Cuevas knew that Officer Kang was near the driveway when he sped into it,

5

stopping only fifteen feet away from the officer. Id. at 12-14. From this evidence, the factfinder could infer the requisite culpability.

Nevertheless, Cuevas relies on Wallace v. State, 558 N.E.2d 864 (Ind. Ct. App. 1990), to support his position that the State failed to show that he had been reckless. In Wallace, a panel of this Court determined that a truck driver was not reckless when he failed to check his mirror and use his turn signal before changing lanes on a highway. Id. at 866. The truck driver was unaware that a vehicle was proceeding next to his truck and was forced off the highway because of his lane change. The Wallace Panel held that the truck driver could not have been reckless for a potential harm unknown to him. Id. at 866.

Cuevas's reliance on Wallace is misplaced, insofar as he admitted that he saw Officer Kang from the street as he arrived. Tr. p. 51-52. Still, Cuevas drove his vehicle at a high rate of speed, stopping only fifteen feet away from the officer. Id. at 12-14, 31. Under these facts and circumstances, this argument fails, and there was sufficient evidence to convict Cuevas of class A misdemeanor criminal recklessness.

## II. Reckless Driving

Next, Cuevas argues that there was insufficient evidence to convict him of class B misdemeanor reckless driving. Indiana Code section 9-21-8-52(a)(1)(A) defines reckless driving, in relevant part, as operating a vehicle while driving at either an unreasonably high rate of speed or an unreasonably low rate of speed under circumstances as to endanger the safety or property of others. Here, Cuevas was charged for driving "at an

6

unreasonably high rate of speed under the circumstances as to endanger the safety or property of others." Appellant's App. p. 86.

At the conclusion of Cuevas's bench trial, he was found guilty of on both counts. Tr. p. 69; Appellant's App. p. 54. However, the chronological case summary (CCS) reflects that on May 15, 2013, the trial court merged Cuevas's conviction for reckless driving into his conviction for criminal recklessness. Appellant's App. p. 8. Then during the sentencing portion, the trial court consistently merged Count II with Count I. Id.

The actual orders that resulted from the May 15 sentencing hearing are somewhat confusing. There was one main order and two amendments. The original order stated that Count II merged with Count I and Count II was struck from the form. Appellant's App. p. 51. Cuevas was ordered to report immediately to probation to start electronic monitoring. Id.

The amended sentencing order, which was also filed on May 15, 2013, and stated: "Count 2 merges with Count 1: Criminal Recklessness, Class A Misdemeanor. Id. at 50. Finally, the second amendment, filed on May 16, 2013, states: "Defendant shall be placed on probation from 185 days." Id. at 49.

Although the trial court did not verbally merge the two convictions for purposes of judgment, it seems from the facts above, that was its intent. Moreover, the State conceded that it was the intent of the trial court to merge the two convictions for purposes of judgment. Appellee's Br. p. 2. Consequently, we interpret the trial court's actions as merging Count II into Count I not only for purposes of sentencing, but also for purposes

7

of entering judgment of conviction. Thus, we need not address whether there was sufficient evidence to convict Cuevas of reckless driving because this argument is essentially moot. See Green v. State, 856 N.E.2d 703, 704 (Ind. 2006) (holding that "a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence is 'unproblematic' as far as double jeopardy is concerned").

The judgment of the trial court is affirmed.

NAJAM, J., concurs, and CRONE, J., concurs in result.