## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2019, 8:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| Randall L. Capatina<br>Bunker Hill, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randall L. Capatina,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 7, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1093<br><br>Appeal from the Allen Superior Court<br><br>The Honorable John F. Surbeck, Judge<br><br>Trial Court Cause No.<br>02D06-1207-FD-1024<br>02D06-1208-FC-278 |

**Tavitas, Judge.**

# Case Summary

Randall L. Capatina appeals from the denial of his petitions for jail time credit relating to his convictions and sentences in separate causes. We affirm.

# Issues

Capatina raises two issues on appeal, which we restate as follows:

1. Whether the trial court erred in imposing consecutive sentences.

2. Whether the trial court abused its discretion in denying Capatina's petition for jail time credit.

# Facts

This case involves Capatina's petition for additional jail time credit relating to convictions and sentences entered between 2012 to 2015 in three separate causes in two counties. The timeline of pertinent events is as follows:

- July 2012 – Capatina was charged in Allen County, Cause 02D06-1207-FD-1024 ("FD-1024") with pointing an unloaded firearm at another person, a Class A misdemeanor, and battery resulting in bodily injury, a Class A misdemeanor.

- August 2012 – Capatina was charged in Allen County, Cause 02D06-1208-FC-278 ("FC-278") with disarming a law enforcement officer, a Class C felony, while Capatina was on bond in FD-1024.

- December 2012 – Capatina was sentenced on each count of FD-1024, to one year, six months executed, and six months suspended to probation, with the sentences to be served concurrently.

- March 2013 – Capatina was sentenced in FC-278 to four years executed, and two years suspended to probation, with the sentences to be served

consecutively to Capatina's sentences in FD-1024. Capatina was awarded 123 days of jail time credit.

- June 2014 – Capatina began serving probation.

- October 14, 2014 – While Capatina was on probation in FD-1024 and FC-278, Capatina was arrested in Whitley County in 92C01-1410-F4-117 ("F4-117") for various offenses. Capatina remained incarcerated in Whitley County until May 18, 2015, or 218 days.

- October 17, 2014 - The State filed petitions to revoke probation in FD-1024 and FC-278.

- May 19, 2015 – Capatina was transported to Allen County, where he remained incarcerated through June 2, 2015, or fourteen days.

- April 23, 2015 – Capatina was sentenced, in F4-117, as follows:

   o Count I, dealing in a narcotic drug, a Level 4 felony, eight years, with six years executed and two years suspended to probation;

   o Count II, possession of a narcotic drug, a Level 6 felony, two years in DOC, to be served concurrently with Count I; and

   o Count III, maintaining a common nuisance, a Level 6 felony, two years executed, to be served concurrently with Counts I and II.

- June 2, 2015 – Capatina's probation was revoked in FD-1024 and FC-278.

   o In FD-1024, Capatina was committed to the Department of Correction ("DOC") for 182 days on each of the two counts, with the sentences ordered to be served concurrently with one another, but consecutively to his sentences in FC-278 and F4-117.

   o In FC-278, Capatina was committed to DOC for two years, with the sentence ordered to be served consecutively to his sentences in FD-1024 and FC-117. Capatina was not awarded jail time credit at revocation in either cause.

[4]     In March 2018, Capatina filed petitions for jail time credit regarding FD-1024 and FC-278. On March 19, 2018, the Allen County probation department filed

reports regarding Capatina's eligibility for jail time credit in each cause. The FD-1024 probation report provides:

> [In FD-1024, Capatina] was sentenced to one (1) year Allen County Jail, (183) days executed, and (182) days suspended, in Counts II and IV, on December 21, 2012. The counts were ordered served concurrent[ly] to each other and [Capatina] was time served at sentencing. [Capatina] was on bond for [FD-1024] when he committed an offense, in 02D06-1208-FC-278, which was ordered served consecutive[ly] to [FD-1024].

> [Capatina] began probation on June 5, 2014 and a Verified Petition for Revocation of Probation was filed on October 17, 2014, due to the defendant committing a new offense in Whitley County cause number [F4-117]. On June 2, 2015, [Capatina] was ordered revoked from probation and committed to the Allen County Jail for (182) days on Count II and Count IV. The counts were ordered served concurrent[ly] to each other and the sentence was ordered served consecutive[ly] to [FC-278] and [F4-117]. [Capatina] was awarded zero (0) days of jail time credit at the time of revocation.

> [Capatina] is requesting the Court grant him an additional (92) days of jail time credit, as he was being held and confined for multiple offenses during the same time period. [Capatina] was arrested in Whitley County, on October 14, 2014 and all time from that date to present is being applied toward the sentence in Whitley County cause [F4-117]. According to the Indiana Department of Correction, [Capatina] is scheduled to complete the executed portion of the Whitley County conviction on May 29, 2019, at which time he will serve [FC-278], until May 29, 2020. Upon completion of those cases in the Department of Correction, [Capatina] will be returned to the Allen County Jail to satisfy the sentence in [FD-1024].

> [Capatina] has been awarded all of the jail time credit for which he is eligible. Therefore, it is recommended that the Motion for Jail Time and Earned Time Credit be denied.

*Id*. at 80.

[5]     The FC-278 probation report provides:

> [In FC-278, Capatina] was sentenced to six (6) years Indiana Department of Correction, four (4) years executed, and two (2) years of probation. He was awarded (123) days of jail time credit at the time of sentencing. [Capatina] began probation on June 5, 2014, and on October 17, 2014, a Verified Petition for Revocation of Probation was filed, due to [Capatina] committing a new offense in Whitley County. The defendant's probation was revoked on June 2, 2015, and he was ordered committed to the Indiana Department of Correction for two (2) years. He was not awarded any jail time credit at the time of the revocation and the sentence was ordered served consecutive[ly] to [FD-1024] and [F4-117].

> [Capatina] was arrested in Whitley County on October 13, 2014 and remained in custody until he was sentenced in Whitley County on May 18, 2015. He was transferred to the Allen County Jail on May 19, 2015, and remained there until he was transported to the Indiana Department of Correction on June 5, 2015. [Capatina] remains in the Indiana Department of Correction with an Earliest Possible Release Date of May 29, 2020.

> At the time of sentencing in [F4-117], the defendant was awarded jail time credit from October 13, 2014 until May 18, 2016 (216) days. This officer contacted the Indiana Department of Correction and confirmed all time from the sentencing date, in [F4-117], until he satisfies the sentence, on May 29, 2019, is

being applied toward that sentence. Upon completion of the Whitley County sentence, he will begin serving the sentence in the present case, followed by the sentence in [FD-1024].

[Capatina] was not awarded any jail time credit at the time of the revocation and is not entitled to any. It is recommended the Motion for Jail Time and Earned Time Credit be denied.

*Id*. at 81.

[6]     On April 18, 2018, and July 5, 2018, the trial court denied Capatina's petitions for jail time credit in FD-1024 and FC-278, respectively, "without hearing." *Id*. at 78. The trial court's order in FC-278 specifically provides: ". . .[T]he Court finds that the time claimed by [Capatina] for credit in [FC-278] was in fact ordered to other causes which are running consecutively with [FC-278]." *Id*. at 79. Capatina now appeals the denial of his petitions for jail time credit.

## Analysis

[7]     Capatina's motion for jail time credit is essentially a motion to correct an erroneous sentence. *See* Ind. Code § 35-38-1-15. We review a ruling on a motion to correct an erroneous sentence only for an abuse of discretion. *Hobbs v. State*, 71 N.E.3d 46, 48 (Ind. Ct. App. 2017), *trans. denied*. An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

### 1. Consecutive Sentences

First, Capatina argues that the trial court erred in ordering his sentences in FD-1024, FC-278, and F4-117 to be served consecutively. The decision to impose consecutive sentences rests within the discretion of the trial court. *Gross v. State*, 22 N.E.2d 863, 869 (Ind. Ct. App. 2014), *trans. denied*. In general, a trial court cannot order consecutive sentences in the absence of express statutory authority. *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind. 2006).

The versions of Indiana Code section 35-50-1-2 in effect at the time of Capatina's sentencing in FD-1024, FC-278, and F4-117 each provided:

> If, after being arrested for one (1) crime, a person commits another crime;
>
> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>
> (2) while the person is released:
>
>> (A) upon the person's own recognizance; or
>>
>> (B) on bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

I.C. §§ 35-50-1-2(d)(2012), (2013), (2015).

[10] The record here reveals that: (1) while Capatina was on bond for FD-1024, he committed a new offense, FC-278; (2) while Capatina was on probation in FD-1024 and FC-278, he was arrested for committing new offenses in F4-117; and (3) Capatina's probation in FD-1024 and FC-278 was subsequently revoked. Thus, pursuant to Indiana Code Section 35-50-1-2, the trial court was statutorily required to impose mandatory consecutive sentences. *See Garner v. State*, 646 N.E.2d 349, 351 (Ind. Ct. App. 1995) (affirming imposition of consecutive sentences when defendant committed a new offense after he was released on bond or on his own recognizance); *see Bischoff v. State*, 704 N.E.2d 129, 130-31 (Ind. Ct. App. 1998) ("Because sentence was imposed in the handgun case before Bischoff's probation was revoked in the OWI case, the court in the OWI case was required[,] upon revoking Bischoff's probation[,] to require that the sentences be served consecutively."). The trial court did not abuse its discretion in imposing consecutive sentences.[1]

## 2. Jail Time Credit and Earned Credit Time

[11] Capatina also argues that he is entitled to additional jail time credit in FD-1024 and FC-278 because he was "confined for multiple offenses during the same period." Appellant's Br. p. 15. He maintains he "is eligible for 229 days credit

---

[1] To the extent that Capatina also challenges the sequence in which his consecutive sentences must be served, this issue is waived. *See Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004) ("Issues raised for the first time on appeal are waived.").

but seek[s] 92 ninety-two days [jail time credit and earned credit time] in FD-1024" and 229 days of jail time credit in FC-278. App. Vol. II pp. 49, 64.

[12] Pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion. *Weaver v. State,* 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). Indiana inmates imprisoned awaiting trial or sentencing earn Class I jail time credit or "one (1) day of credit time for each day [the inmate] is imprisoned for a crime or confined awaiting trial or sentencing." I.C. § 35-50-6-3(a).

> Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed. Credit is to be applied for time spent in confinement that is the result of the charge for which the defendant is being sentenced.

*Bischoff v. State*, 704 N.E.2d 129, 130 (Ind. Ct. App. 1998) (citations omitted).

[13] Jail time credit operates differently depending on whether the sentences are consecutive or concurrent. *Corn v. State,* 659 N.E.2d 554, 558 (Ind. 1995). In concurrent sentencing cases, Indiana Code section 35-50-6-3 entitles the individual to receive credit time applied against each separate term; however, in consecutive sentencing cases, pretrial credit is awarded against the total or aggregate of the sentence terms. *Stephens v. State,* 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied.*

[14] As we have already found, the trial court properly imposed mandatory consecutive sentences in FD-1024, FC-278, and F4-117, pursuant to Indiana Code Section 35-50-1-2(d)(2012). The record further reveals that, after

Capatina was arrested for the offenses alleged in F4-117, Capatina was incarcerated—from October 13, 2014 until May 18, 2015 or 216 days—*for F4-117*. Accordingly, in sentencing Capatina in F4-117, the trial court applied 216 days of jail time credit to Capatina's sentence. *See Bischoff*, 704 N.E.2d at 130 ("Credit is to be applied for time spent in confinement that is the result of the charge for which the defendant is being sentenced.").

[15] Based on the foregoing, the trial court's determination of Capatina's jail time credit is not against the logic and effect of the facts and circumstances before the court. Capatina was properly ordered to serve mandatory consecutive sentences and, therefore, is ineligible for application of jail time credit to each separate sentence, as such would improperly result in double credit and would allow Capatina to serve a portion of his sentences concurrently. *See Corn*, 659 N.E.2d at 558-59; *see Diedrich v. State*, 744 N.E.2d 1004, 1007 (Ind. Ct. App. 2001) (affirming denial of petition for jail time credit that limited defendant to only one credit for the period of incarceration because defendant was required to serve his sentences consecutively where defendant committed a second offense while on bond). We find no abuse of discretion.

## Conclusion

[16] The trial court did not abuse its discretion in imposing consecutive sentences or in denying Capatina's petition for jail time credit. We affirm.

[17] Affirmed.

Crone, J., and Bradford, J., concur.